SIRES v. SIRES.

1. WILL—POWER OF DISPOSAL—GIFT.—Testator devised his lands to his widow for life, to receive the income to her own use and for the maintenance of her minor children, with power "to sell, dispose of, and convey all or any portion of my said estate upon such terms and conditions, and to such person or persons, as she may deem best, with power, also, to invest the proceeds of any such sale in other property or funds, the income of which is to be applied as hereinbefore provided," and with further power to appoint by her will the said estate "and the proceeds of any part thereof that may have been sold," and if no appointment be made by her will, the "said estate and the proceeds of such of it as may have been sold" was given to their children. *Held*, that a gift of this land by the widow by deed in her lifetime was not an execution of the powers conferred.

2. FINDING OF FACT—DEED—CONSIDERATION.—This court concurred in the finding of the Circuit Judge, based upon testimony heard by him, that there was no valuable consideration paid for the deed in this case, the expressed consideration of three dollars being nominal and formal.

3. POWER OF SALE—GIFT.—Where the life tenant and executrix has power to sell land, but not to give it away, her conveyance of the land without valuable consideration carries no title to the conveyee.

4. DEVISE FOR LIFE—POWER OF APPOINTMENT.—An estate limited to one for life, with power of appointment in fee by deed or will, is not enlarged into

an absolute estate in the life tenant, and her deed could convey a fee only when executed in pursuance of the powers conferred by the will.

5. TENANTS IN COMMON—FRAUD—ISSUES—TRIAL.—Tenants in common, not in possession, may maintain action against a cotenant to set aside as fraudulent a recorded deed by which defendant claims the property in severalty and in fee, and also, in the same action, demand partition; and if the defendant asserts exclusive title in himself by adverse possession, this issue must be tried by a jury on Calendar 1.

Before FRASER, J., Colleton, February, 1893.

Action by Thaddeus W. Sires and others against Samuel W. Sires and others, commenced in August, 1891. The Circuit decree was as follows:

This case was heard by me at the term of the court held in February, 1893, on the pleadings and testimony taken before me in open court. The action has been brought to cancel a deed, the proper execution of which is, however, not admitted in the complaint, purporting to have been executed by Martha M. Sires, the widow and executrix of Peter J. Sires, deceased, and conveying to Samuel W. Sires, one of the defendants, the tract of land described in the complaint. Samuel W. Sires is one of the children of Peter J. Sires and Martha M. Sires. The consideration of the conveyance, as stated in the said deed, is three dollars, and the deed is, therefore, on its face, voluntary. The plaintiffs claim that they and the defendants, including Samuel W. Sires, are the persons entitled under the said will as tenants in common, as remaindermen, Martha M. Sires having died without having executed the power of appointment given to her by the will of Peter J. Sires, deceased.

The copy of the will is filed with the complaint, and it is only necessary to refer to it. I hold that, under the will, Mrs. Sires took only a life estate, with power to appoint, by will, to whom the estate should go at her death, which power she has failed to execute; that she has a power to sell any portion of the estate and to invest the proceeds arising from such sale, said investments to be also subject to the power of appointment; that on failure to execute the said power, all the property was to go to the remaindermen, as provided in the will. Mrs.

Sires had no power to sell for a mere nominal consideration, which seems not to have been paid, and the evidence is not sufficient to convince me that there was any other consideration for the deed. If, indeed, any services were rendered to her by her son, Samuel W. Sires, and for which any payment was expected by either of them, the testimony fails sufficiently to show that these services were the true consideration of the deed. I am, therefore, of the opinion that the deed of Martha M. Sires to Samuel W. Sires, which does not even profess to be the execution of a power of sale, is in fraud of the rights of the remaindermen under the will, and is null and void, as conveying any interest in the land inconsistent with the rights of the remaindermen.

If possession on the part of the plaintiff were necessary to enable him to maintain this action, then the possession of Samuel W. Sires, one of the tenants in common, is sufficient. "The cancellation of the deed does not, of itself, *directly* establish plaintiff's title and put him in possession of the land, but it enables him, if necessary, to *assert his title* and *obtain possession*." In *McMeekin* v. *Edmonds*, 1 Hill Ch., 295, it is said: "Nothing is more common than that parties should come into this court to set aside a fraudulent deed, preparatory to a trial at law." The purpose of this action at law was to *obtain possession* of the premises covered by the fraudulent deed. The other remaindermen in this case can neither enjoy the tenancies in common or obtain partition of the land until this deed is out of the way.

It is, therefore, ordered and adjudged, that the said deed is, and is hereby, declared fraudulent and void, and that the defendant, Samuel W. Sires, do deliver up the same to the clerk, to be cancelled by him, and on the record of the same in the register's office. It is ordered, that the defendant, Samuel W. Sires, do pay the costs of this action.

The defendant, Samuel W. Sires, appealed on the following grounds:

1. For that the presiding judge was in error in holding that the deed of Martha M. Sires to Samuel W. Sires was "on its face voluntary," the same reciting a consideration of three

dollars. 2. For that the presiding judge was in error in holding that Martha M. Sires took but a life estate in the lands of her husband, Peter J. Sires, under the will of the said Peter J. Sires. 3. For that it was error to hold that Martha M. Sires had no power to sell the lands devised under the will of the said Peter J. Sires for "a mere nominal consideration." 4. For that it was error to hold that the consideration mentioned and recited in the deed of conveyance from Martha M. Sires to Samuel W. Sires, "seems not to have been paid." 5. For that it was error to hold that there was no consideration for the making of the deed of Martha M. Sires to Samuel W. Sires. 6. For that the presiding judge was in error in holding that the said deed of Martha M. Sires to Samuel W. Sires was without consideration, and fraudulent and void. 7. For that it was error not to hold that possession on the part of the plaintiffs was necessary in order to sustain the action herein. 8. For that it was error to hold that if possession was necessary on the part of the plaintiffs, the possession of Samuel W. Sires was sufficient, it being shown that the possession of Samuel W. Sires was of such a hostile and adverse character, extending over such a long period, as to work an ouster. 9. For that the presiding judge was in error in holding that the cotenant, against whom there has been no ouster, can bring a suit of this character against any other cotenant. 10. For that it was error to hold that the "other remaindermen in this case can neither enjoy the tenancy in common nor obtain partition of the land until this deed (Martha M. Sires to Samuel W. Sires) is out of the way." 11. For that it was error to order that the deed of Martha M. Sires to Samuel W. Sires be delivered up and cancelled.

*Mr. W. B. Gruber*, for appellant.

*Messrs. Murphy & Farrow*, contra.

March 6, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This action was commenced in the Court of Common Pleas for Colleton County for the purpose of cancelling a deed of Martha M. Sires, dated August 12, 1878,

upon the ground that said deed is fraudulent and void, having been executed, as it was alleged, for the purpose of defeating a trust claimed to have been created by the last will and testament of Peter J. Sires, and that the same was a cloud upon the title of the complainants to a certain tract of land described in the complaint. The complaint alleges that the title to the land in dispute is now vested in fee simple in the plaintiffs and defendants in the proportion set forth in the complaint. This allegation is denied by the defendant, Samuel W. Sires, who sets up in his answer title in himself to said land by adverse possession. The complaint does not allege who is in possession of the land. His honor, Judge Fraser, who tried the cause without a jury, sustained the allegations of the complaint as to the question of fraud, and ordered the deed cancelled. The defendant, Samuel W. Sires, appeals from said decree upon numerous exceptions, which, together with the decree, will be set forth in the report of the case.

Peter J. Sires, in his last will and testament, says: "I give, devise, and bequeath all my estate, real and personal, to my beloved wife, Martha M. Sires, for and during the term of her natural life or during her widowhood; she to receive the income thereof to her own use, and for the maintenance, support, and education of the minor unmarried children by my marriage with my said wife, in such amount, proportions, and shares to each as she may think proper, with power to my said wife to sell, dispose of, and convey all or any portion of my said estate in such manner, upon such terms and conditions, and to such person or persons, as she may deem best, with power also to *invest* the *proceeds* of any *such sale* in other property or funds, the *income* of which to be applied as hereinbefore provided; and it is my will that in the event of the marriage of my said wife again, she shall only be entitled during her life to an equal share, with my said minor unmarried children, of the income of my said estate, and of the *income* of the *proceeds* from such part as may have been *sold*. And it is also my will, and I do hereby provide, that my said wife shall have power to dispose of, limit, and appoint my said estate, and the *proceeds* of any part thereof that may have been *sold*, in and by her last will

and testament, duly executed, to such person and persons, and for such estate and estates, and with such provisions, limitations, and conditions, as she may think proper; and in the event of the death of my said wife without having made and executed such last will and testament, then it is my will that my said estate, and the *proceeds* of such of it as may have been *sold* shall go to and be equally *divided* between and among such children by my marriage with my said wife as may be living at the time of her death," &c.   (Italics ours.)

The words "with power to my said wife to sell, dispose of, and convey all or any portion of my said estate in such manner, upon such terms and conditions, and to such person or persons, as she may deem best," when construed in connection with the other parts of the will, especially with the words which we have italicized, show that it was the intention of the testator to confer upon the life tenant, Martha M. Sires, power to sell, but not to dispose of and convey said property as a gift.   A gift of the property would have defeated one of the objects of the testator's will, which was that the income from the property should not only be used for the benefit of the widow, but also for the maintenance, support, and education of the children therein described.   The will shows, also, that the testator contemplated that either the original property, or that purchased with the proceeds derived from a sale of the original property, would be in the possession of the life tenant, Martha M. Sires, at the time of her death; and, in case she failed to dispose of it by her last will and testament, the testator provided that it should descend to the children described in his will.

The next question for consideration is, whether the land was sold, or conveyed as a gift.   The deed recites a consideration of three dollars (the receipt of which is therein acknowledged).   The presiding judge, in his decree, says: "Mrs. Sires had no power to sell for a mere nominal consideration, which seems not to have been paid, and the evidence is not sufficient to convince me that there was any other consideration for the deed.   If, indeed, any services were rendered to her by her son, Samuel W. Sires, and for which any payment

was expected by either of them, the testimony fails sufficiently to show that these services were the true consideration of the deed." The Circuit Judge heard the witnesses testify, therefore his opportunities for judging as to their credibility were greater than those possessed by this court. After a careful reading of the testimony, we agree with the Circuit Judge in his finding of fact, as to the consideration upon which the property was conveyed. The consideration of three dollars expressed in the deed is nominal and formal. The property was, therefore, conveyed as a gift.

The next question that naturally suggests itself is, as to the effect of such conveyance as a gift. A sale implies a consideration, and, when the power is given to sell, and the person conveys without a consideration, or one merely nominal, this constitutes a breach of the trust, and none of the participants therein can take any thing by such conveyance. To sustain the position that a power to sell is not fulfilled by the conveyance of the property as a gift, it is only necessary to refer to a few authorities: *Rabb* v. *Flenniken*, 29 S. C., 278; *Park's adm'r* v. *Am. Home Missionary Society*, 62 Vt., 19; 20 Atl. Rep., 107; *Fronty* v. *Fronty*, Bail. Eq., 517.

Appellant contends that, under the provisions of the will, Martha M. Sires took a greater estate than simply a life estate. In the case of *Pulliam* v. *Byrd*, 2 Strob. Eq., 134, it appears that the testator, in a single sentence in his will, disposed of his property as follows: "My will and desire is that after all my just debt is paid, that all my property, real and personal, remain in the hands of my beloved wife during her natural life, and that she shall have the disposal of one-half of it at her death." The court says: "Upon what appears to this court to be a correct construction of this will, the wife took an estate in the whole property, which, by the terms of the will, is limited to her life, with a general power of appointment as to the other moiety, without restriction as to time or mode for the exercise or execution of that power. And if the estate had not been limited to her life, there is no doubt that she would have taken an absolute interest in one moiety. For the proposition is undeniable that a devise or bequest to one,

generally and indefinitely, with an unlimited power of appoint-
ment, gives an absolute estate. But though the view taken by
the chancellor in his decree is not unsupported by authority,
it appears from the general current of decisions and the opinion
of eminent jurists, that where there is a gift to one for *life*, with
a general power of appointment, the power of appointment,
though general, does not enlarge the life estate into an absolute
interest, and nothing passes under the clause conferring the
power, unless it be executed. As was said by Sir William
Grant, in the case of *Bradley* v. *Wescott*, 'the distinction is, per-
haps, slight, which exists between a gift for life, with a power
of disposition superadded, and a gift to a person indefinitely,
with a superadded power to dispose by deed or will. But the
distinction is perfectly established, that in the latter case the
property vests. A gift to A., and to such persons as he shall
appoint, is absolute property in A. without any appointment.
But if it is to him for life, and after his death to such person
as he shall appoint by will, he must make an appointment, to
entitle that person to anything.' This manner of stating the
proposition is in conformity with the opinion of this court, and
the distinction drawn, though narrow and refined, is fully sus-
tained by the decided cases. It is unnecessary to enlarge upon
a question, the decision of which rests so entirely upon author-
ity." In the light of the cases, the life estate of Mrs. Sires was
not enlarged into that of an absolute estate, and it was neces-
sary to execute the power of appointment so as to dispose of
the property under the will.

The appellant contends that the presiding judge was in error
in not holding that possession on the part of the plaintiffs was
necessary to sustain the action herein; also, that there
was error in holding that one cotenant, against whom
there has been no ouster, can bring a suit of this char-
acter against any other cotenant. The acceptance by Samuel
W. Sires of the deed of conveyance and placing it on record,
was notice that his claim to the land was hostile to that of the
other cotenant. If the land was owned by the parties as ten-
ants in common, then the action of Samuel W. Sires was an act
of wrong, and entitled the parties to seek relief in equity from

18—43

the alleged fraud upon their rights. The views which we entertain on this subject are expressed in the case of *Miller* v. *Hughes*, 33 S. C., 541, in which Mr. Justice McIver says: "The foundation of a cause of action in such a case is fraud, and if the plaintiff, after alleging the fraud, makes further allegations showing that his rights are impaired or destroyed by the perpetration of the fraud, then he states a cause of action. Of course, the mere fact that his debtor has perpetrated a fraud, even of the grossest character, gives him no cause of action; but when he alleges other facts tending to show that his rights are injuriously affected by such fraud, then he states a complete cause of action, which, if established, will entitle him to relief. * * * But fraud is peculiarly a matter of equitable cognizance, and when fraud is alleged, and the further allegation is made that such fraud is injurious to the creditor's rights, it seems to us that a Court of Equity has jurisdiction of such a case. In such a case the creditor does not ask the aid of the Court of Equity, upon the ground that he can obtain no relief at law, but his claim to the aid of equity is based upon the fraud which has been practiced upon him, and from which the Court of Equity has jurisdiction to relieve him. It is not universally true that a plaintiff must show that he has no plain adequate remedy at law before he can invoke the aid of a Court of Equity, for there are some cases in which the jurisdictions are concurrent, and fraud is one of those matters. * * * It is further urged, that the claim of the plaintiffs being a plain legal demand, should first be established by a judgment at law before the aid of equity can be invoked. Whatever embarrassments this might have offered under our former system of judicature, when law and equity were administered by different tribunals, cannot be felt now under our present system, especially after the Code has provided that both legal and equitable causes of action may be united in the same complaint. We do not see, therefore, why the plaintiffs may not demand judgment for the amount alleged to be due them on the law side of the court, and in the same action ask relief on the equity side from the fraud which they allege will render their action 'fruitless. The fact that in this complaint there does not seem to be any

formal demand for judgment for the amount due them by the defendant, Hughes, is of no consequence, provided the complaint contains other allegations, as we think it does, sufficient to warrant such judgment." The exceptions embodying these objections must, therefore, be overruled.

As hereinbefore stated, the complaint alleges that the title to said lands in fee simple is now in the plaintiffs and defendants in the proportions set forth in the complaint. This allegation is denied by the defendant, Samuel W. Sires, who sets up in his answer title to said land by adverse possession. A legal issue is thus raised which the parties have the right to have tried by a jury, unless a jury trial is waived in the manner provided by law. The case should, therefore, be placed on Calendar 1 for the purpose of such trial, unless such trial be waived. *McMahan* v. *Dawkins*, 22 S. C., 320.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Court of Common Pleas for Colleton County for such further proceedings as may be necessary to carry out the views herein announced.