THE FARMERS' MUTUAL INS. ASS'N OF EDGEFIELD v. BERRY.

1. LEGAL AND EQUITABLE ISSUES—JURY.—When the complaint states an equitable cause of action only, and the answer raises no additional issue of fact, defendant is not entitled as matter of right to have any issue tried by a jury.
2. REFERENCE—DISCRETION.—Ordering a reference to take the testimony is discretionary.
3. LEGAL AND EQUITABLE ISSUES—JUDGE.—An order simply reciting that a case involves both legal and equitable issues, and that legal issues should be first tried by a jury, but not ordering such trial, but refusing to order reference to take testimony, does not bind the succeeding Judge.
4. REFERENCE—APPEAL.—An order refusing a reference to take testimony is not appealable.

Before BENET, J., Saluda, August, 1897. Affirmed.

Action by the Farmers' Mutual Insurance Association of Edgefield County, S. C., *v.* Mrs. Alice Berry, and all other defendants in like cases in said county. From order refusing reference to take the testimony the plaintiff appeals.

*Messrs. Folk & Folk* and *Simkins & Croft,* for appellant,

cite: *Case purely equitable and triable by Court:* Code, 274; 23 S. C., 13; 47 S. C., 453. *Issues could only be sent to jury in one of three ways:* Code, 274a, 270; 23 S. C., 370; 43 S. C., 264, 192; 22 S. C., 320; 37 S. C., 169. *The order is appealable:* Harp. Eq., 67; 3 Strob. Eq., 37, 126; 7 Rich. Eq., 476; 4 Strob. Eq., 122; 11 S. C., 122; 43 S. C., 190, 299.

*Messrs. J. G. Culbreath* and *Johnstone & Welch,* contra, cite: *Order not appealable:* 17 S. C., 539; 34 S. C., 174. *Pleadings raise issues of fact to be tried by a jury:* 29 S. C., 286. *Order did not frame issues and correctly:* Code, 274a.

Sept. 6, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal in this case is from an order refusing to refer the same to the master for the purpose of taking testimony. The motion was refused on the ground "that the case involves issues of both an equitable and a legal nature, and that the legal issues should be tried by a jury." The object of this action is to compel defendant to pay her alleged *pro rata* share of the expense and losses of the plaintiff association, pursuant to the charter of the association, and defendant's contract, when she became a member thereof, and to this end to foreclose an alleged lien therefor on certain described property, claimed to have been assigned and pledged to said association by defendant.

The cause of action stated in the complaint is one solely of equitable cognizance. *Farmers' Mutual Fire Ins. Association* v. *Burch,* 47 S. C., 453. The answer, consisting in general and specific denials of the allegations of the complaint, raises no issue of fact separate and distinct from the equitable cause of action stated in the complaint. The cause being one in equity, and there being no issue raised therein involving the recovery of money only, or of specific, real or personal property, a trial by jury of any issue of fact in this case is not demandable as matter of right. Code, sec. 274. *Hughes* v. *Kirkpatrick,* 37 S. C., 169; *McLaurin* v. *Hodges,* 43 S. C., 192. The

issues raised, therefore, are triable by the Court, subject to the right of the Court to refer any issue to a jury, pursuant to sec. 274a of the Code, and Rule 28 of the Circuit Court, or to refer to a referee or master, as provided in sections 292 and 293 of the Code. In this case, there was no application for the reference of any issue for trial, but the application was merely for a reference to take testimony. The Court has power, of course, to order such a reference, but the granting or refusal of such an order is discretionary. *McSween* v. *McCown*, 21 S. C., 372.

It is true in this case, that the refusal to order such reference was based upon an erroneous view that there were issues of fact therein triable by jury as matter of right, but this view in no wise prejudiced or concluded appellant. The Judge did not refuse to try the cause sitting as chancellor, for the record expressly states that neither party was ready for trial, nor did he indicate what issues were properly triable by a jury, nor did he undertake to order for trial by jury any issue properly triable by the Court. The order, therefore, in no wise trammelled any succeeding Judge, who would proceed to dispose of the case as if the order complained of had not been made.

This would dispose of the appeal on its merits, if the order was appealable, but the order is not appealable, under section 11 of the Code. It does not affect any substantial right of appellant in this action, nor is it an order involving the merits. A reference for the purpose of taking testimony is not demandable as matter of right in an equity cause, hence an order denying such reference does not involve the merits of the action. *DuPont* v. *DuBos*, 33 S. C., 395. This case is not like *McLaurin* v. *Hodges*, 43 S. C., 190, in which was entertained an appeal from an order referring certain issues to a jury for trial, as matter of right, which were properly triable by the Court. In this case, as stated, there was neither refusal to try by the proper tribunal nor any reference of any issue to a jury. The order was a mere refusal to order a reference to take testi-

mony, which appellant could not demand as matter of right. The appeal is dismissed.