GREGORY, ADMR., v. PERRY.

1. APPEAL—REFERENCE—DISCRETION.—Refusal of motion for an order of reference to take testimony and state accounting of administrator in proceeding to subject descended lands to payment of debts is discretionary and not appealable.
2. IBID.—Order involving mode of trial in equity is appealable.
3. RES JUDICATA.—REFERENCE.—Order refusing motion for reference to take testimony and accounting is not *res judicata* of that question before succeeding Judge.
4. IBID.—IN CREDITOR'S BILL to subject decedent's lands to payment of debts, answer alleging payment, barred by statute and presumptions, defendants cannot demand jury trial as of right.

Before ALDRICH, J., Lancaster, October, 1902. Reversed.

Action by Joseph F. Gregory, clerk, as administrator of

Wylie R. Duren, against Mary E. Perry, H. J. Beckham and Jane Gooch, heirs at law of James R. Massey, and Beckham, as his administrator. From order on Circuit, defendant appeals.

*Messrs. R. E.* and *R. B. Allison,* for appellants, cite: *Order of Judge Gage, erroneous and void:* 36 S. C., 563; 19 S. C., 286; 27 S. C., 24. *Order of Judge Aldrich is appealable:* 43 S. C., 187. *Complaint states cause of action cognizable in equity:* 2 Hill Ch., 257; Rice Ch., 239; 2 S. C., 148; 40 S. C., 257; 66 S. C., 322; 43 S. C., 192; 53 S. C., 130. *Defendants not entitled to trial by jury:* Code, 274; 5 S. C., 411; 35 S. C., 417; 56 S. C., 298.

*Messrs. Ernest Moore* and *Green & Hines,* contra. *Mr. Moore* cites: *Question of issues triable by jury is involved in motion to refer:* 43 S. C., 299; 19 S. C., 295. *And his order was binding on succeeding Judge:* 43 S. C., 299. *Is action equitable?* 30 S. C., 422; 6 Rich., 372; 5 Rich., 61; Freem. on Judgts., 3 ed., 461; Code, 1902, 2577, 2574, 2576; 44 S. C., 119.

*Messrs. Green & Hines,* cite: *Order depriving party of mode of trial is appealable:* 34 S. C., 169; 36 S. C., 310. *Order of Judge Gage was res judicata:* 17 S. C., 40. *Action on a judgment is a legal issue:* Code, 1902, 2571, 2573, 2574, 2576.

June 24, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—This is an appeal from the order of his Honor, Judge Gage, refusing a reference to take the testimony, and from an order of his Honor, Judge Aldrich, refusing to strike the case from calendar 1, on the ground that there are certain legal issues triable as of right by a jury. The complaint alleges, "that this action is brought for the benefit of the plaintiff, as ad-

ministrator of Wylie R. Duren, deceased, especially, and all other creditors of the said James R. Massey, deceased, who are willing to come in and contribute to the expense of the same," thus showing it is of equitable nature. The object of the action is to subject descended real estate belonging to the estate of James R. Massey to the payment of a judgment recovered against the said James R. Massey, and also for an accounting by the administrator of said deceased. The facts relative to the recovery of said judgment are set out in the complaint. The complaint also alleges that no part of said judgment has been paid except as therein mentioned. Among other defenses, the defendants interpose the invalidity of the said judgment, also the payment thereof. The plaintiff's attorney gave notice of a .motion, "for an order appointing a referee to take testimony in this case and to report the same to this Court, and also to state the accounts of H. J. Beckham, as administrator of the personal estate of James R. Massey, deceased."

In refusing the motion, his Honor, Judge Gage, says: "The answers deny the existence of a valid judgment; deny that if there is a judgment, the plaintiff owns it; allege if there was even a judgment, it has been paid; allege that, if there was even a judgment, it has been barred by statute. It is not sufficient that the issues thus made are largely issues of fact, for courts of equity may try issues of fact. The question is, are the issues thus raised those of which a court of equity has jurisdiction to oust a court of law? I am of the opinion the issues thus made by the answers are those at law, and ought to be tried before the question made by the complaint is answered, to wit: ought the land in question to be subjected to the payment of the judgment in question? I shall, therefore, not make an order of reference, but now remand the cause to have the law issues made, tried in a court of law. See *Insurance Co.* v. *Perry,* 53 S. C., 130; *Knox* v. *Campbell,* 52 S. C., 403; *Holliday* v. *Hughes,* 54 S.

C., 156; *McGee* v. *Mills,* 54 S. C., 472. It is, therefore, ordered, that the motion be and is hereby refused."

The following statement appears in the record: "The defendants, claiming that the foregoing order or decree of Judge Gage settled the matter as to whether the issues were triable by the court in the exercise of its equity powers, or whether they were triable on the law side by a jury as a matter of right, placed the cause on calendar 1 for trial by jury, on the 14th day of October, 1902, without notice to plaintiff's attorneys. When the cause was reached on the calendar, to wit: on or about the 30th of October, 1902, in open court, the plaintiff made a motion to strike the cause off calendar 1, on the ground that it was a cause for trial in equity, and properly on calendar 2 for trial, and improperly placed on said calendar 1."

The presiding Judge, after hearing the pleadings and extended argument on both sides, made the following decree, and refused the motion to strike off: "This was an oral motion made by the plaintiff for an order striking this cause from calendar 1 of this Court, upon the ground that said cause contains no legal issues triable by a jury as matter of right. It appears that Judge Gage made an order herein at chambers, in which he held that certain issues herein are legal issues. I concur with Judge Gage in so holding. I think, also, that Judge Gage's order is *res judicata,* in so far as he refused the order of reference. There certainly are at least two legal issues in this case triable as of right by the jury, to wit: the plea of *nul tiel record* and the plea of payment. For these reasons the motion is refused."

The defendants appealed from said orders upon exceptions which need not be set out.

*Opinion.*—When the case was called for hearing in the Supreme Court, the respondents raised the preliminary question whether the order of his Honor, Judge Gage, was at this time appealable. The scope of the defendants' notice of motion before Judge Gage did not involve the question whether the issues were properly triable

by a jury or otherwise. It was a motion addressed to the discretion of the Court and was, therefore, not appealable. *Ins. Assn.* v. *Berry,* 53 S. C., 129, 31 S. E., 129; *Green* v. *McCarter,* 64 S. C., 290

The respondents also raised the preliminary objection that the order of his Honor, Judge Aldrich, was not appealable before final judgment was rendered in the cause.

2    This order was appealable because it involved the mode of trial for determining the issues raised by the pleadings—*McLaurin* v. *Hodges,* 43 S. C., 187.

We will next consider whether his Honor, Judge Aldrich, was in error in ruling that the order of his Honor,

3    Judge Gage, was *res judicata.* It is only necessary to refer to the case of *Ins. Assn.* v. *Berry,* 53 S. C., 129, 31 S. C., 129, to show that he erred in so ruling.

The next question that will be considered is whether he erred in deciding that there were legal issues in the case triable as of right by a jury. The pleadings raised no issue of fact separate and distinct from the equitable cause

4    of action stated in the complaint, nor did they raise issues involving the recovery of money only, or of specific real or personal property. A trial of the issues by a jury was, therefore, not demanded of right. *Ins. Assn.* v. *Berry,* 53 S. C.,129, 31 S. E., 129, and cases therein cited.

It is the order of this Court, that the order of the Circuit Judge be reversed.