## 6771

## WHITTLE v. JONES.

Fraud—Defense—Contract—Mortgages.—A mortgagee from whom a note and mortgage was obtained for the purchase price of property by fraud and misrepresentation as to its value has the right to elect whether he will seek a recession of the contract or rely upon such facts as a defense to the mortgagor's action to foreclose to the extent he was thereby damaged. That mortgagee has waived his right to rescind and sold the property bought does not affect his right to set up such defense.

Before Gary, J., Edgefield, November, 1906.    Modified.

Action by J. D. Whittle, as assignee of F. M. Mixson, against Ellie Brooks Jones, A. C. DePass and Scottish

American Mortgage Co. From judgment for plaintiff, defendant Mrs. Brooks appeals.

*Messrs. B. E. Nicholson, John S. Reynolds* and *DePass & DePass,* for appellant cite: *Upon discovery of fraud Mrs. Jones was entitled to rescission of contract:* 1 Strob., 400; 62 S. C., 42; 14 Ency., 1st ed., 160, 161, 162, 2d., 23; 72 Cal., 283; 17 Ind., 272; 61 N. Y., 145; 74 S. C., 206; 86 Ala., ....; 87 Ala., 193. *She was not bound to retain property to defend action on note on ground of fraud:* 7 Am. St., 663; 42 S. C., 351; 163 Mo., 108; 1 Denio., 69. *To this action defendant may set up failure of consideration:* 2 Bay., 17; 9 Rich., 513; 12 Rich., 679; 63 S. C., 433. *Grantee entitled to all equities of grantor:* Jones on Mtgs., Sec. 746; 112 Mo., 260; 109 N. Y., 448. *Assignee took note and mortgage subject to all equities:* Code of Proc., 133; 38 S. C., 138.

*Mr. N. G. Evans,* contra, cites: *Mrs. Jones having sold property bought is estopped from setting up failure of consideration: Sherman* v. *McKeon,* 36 N. Y.; *Embry* v. *Palmer,* 107 N. Y.; 7 Ency., 22; 12 S. C., 350.

February 26, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to foreclose a mortgage of real estate.

On the 8th of January, 1904, the defendant, Mrs. Ellie Brooks Jones, executed a note for the sum of $750.00, payable on or before the 1st of January, 1905, to F. M. Mixson, and, to secure the payment of the note, executed a mortgage on a certain tract of land. On the 5th of November, 1904, F. M. Mixson, for valuable consideration, assigned the note and mortgage to the plaintiff, J. D. Whittle. Shortly after the plaintiff became the assignee of the note and mortgage, he notified Mrs. Ellie Brooks Jones of this fact.

On the 8th of December, 1904, Mrs. Jones executed a formal deed of conveyance of the mortgaged premises to the defendant, A. C. DePass, in fee simple.

The defendants, Mrs. Jones and A. C. DePass, while admitting the execution of the note and mortgage, interpose the defense, that they are void on the ground of fraud and misrepresentation on the part of F. M. Mixson, consisting of certain statements alleged to have been made by F. M. Mixson to Mrs. Jones with reference to a pressing club and fixtures then being operated by him and sold to Mrs Jones, the purchase price of which is the consideration of the note and mortgage.

His Honor, the Circuit Judge, rendered a judgment of foreclosure for the amount claimed by the plaintiff.

The following are the reasons assigned by him: "The testimony is lengthy, and it is not my purpose to review the same in this order. It appears that the defendant, Ellie Brooks Jones, was not successful in operating the pressing club purchased from Mixson, and soon became dissatisfied with the same, and it is fair to state that it did not come up to the representations made at the time of the sale, and if the defendant had sought the aid of the court of equity to relieve her from the bargain, or to rescind her contract, she would have been entitled to relief. Instead, however, as above stated, she sold out the entire plant to the defendant, A. C. DePass, who at the time was operating a competing club, and in the transaction executed the deed of conveyance of the mortgaged premises. She has placed herself voluntarily in a position where neither she nor the Court can restore the original status.

"She has received a valuable consideration for the good will and fixtures of the club she bought, and is now estopped from asserting that it is of no value. In short, she has ratified and confirmed the trade, and by so doing is not now in a position to maintain the defense she has set up.

"The defendant, A. C. DePass, who has undisturbed possession of that which he purchased from Mrs. Jones (the

pressing club), is therefore a stranger to the transaction between Mixson and Mrs. Jones. It is not contended that any one overreached him, therefore his defense should be overruled, except such an equity as he would naturally acquire in the sale of the mortgaged premises as being a junior purchaser."

The main question presented by the exceptions is whether the failure of Mrs. Jones to seek a rescission of the contract and her sale of the property, which she purchased from F. M. Mixson, to A. C. DePass, deprived her of the right to rely upon the defense of fraud and misrepresentation.

Mrs. Jones had the right to elect whether she would pursue the remedy of having the contract rescinded for the alleged fraud and misrepresentation, or rely upon the facts as defense to the plaintiff's cause of action to the extent that she was thereby damaged. The fact that she had waived the right to a rescission of the contract did not defeat her right to set up the fraud and misrepresentation as a defense to the extent of the damages which she thereby sustained. *State* v. *Gaillard,* 2 Bay., 11; *Carter* v. *Walker,* 2 Rich., 40; *McCorkle* v. *Doby,* 1 Strob., 396; *Hickson* v. *Early,* 62 S. C., 42, 39 S. E., 782; *Ellison* v. *Johnson,* 74 S. C., 202.

The land now owned by A. C. DePass is only subject to the amount due by Mrs. Jones at the time she conveyed it to him, after deducting the amount of damages sustained through the alleged fraud and misrepresentation.

It is the judgment of this Court, that the judgment of the Circuit Court be modified and that the case be remanded to that Court, for the purpose of determining the amount due on the plaintiff's mortgage, in accordance with the foregoing principles.