### 6823

### SHUTE v. SHUTE.

EQUITY—DEED—FRAUD—MISTAKE—REFERENCE.—A complaint alleging the plaintiff is the owner in fee of a tract of land for which he, without consideration, executed a deed to others, which has never been delivered by him, but which, by some error, has been recorded, and praying the cloud removed from the title and the record cancelled, states a cause of action in equity and issues to the jury are properly refused, although defendant claims title to the land.

*Pollitzer* v. *Beinkemper*, 76 S. C., 518, *distinguished from this.*

Before ALDRICH, J., Lancaster, June, 1907.   Affirmed.

Action by Howell H. Shute against William H. Shute, John Shute and Joseph D. Shute.   From Circuit order overruling demurrer to complaint and referring issues, defendant, Joseph D. Shute, appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Cloud must be apparently valid:* 33 S. C., 268; 27 N. J. Eq., 568; 85 N. C., 329; 86 N. Y., 232; 44 Cal., 29; 40 N. Y., 547; 5 Minn., 95; 13 Wis., 641; 10 N. Y., 549; 71 Me., 235; 103 Ill., 410; 45 S. C., 602. *Possession is necessary:* 76 S. C., 517; 121 U. S., 566; 17 Ency. P. & P., 306; 45 Am. St. R., 373; Pom. Eq. Jur., sec. 1399; 17 Ency. P. & P., 343, 159, 160, 332; 59 N. Y., 136; 57 Mich., 284; 5 L. R. A., 577; Ship. on Eq. Pl., 250, 251; 1 Doug., 546; 5 Am. St. R., 574; 102 N. Y., 38; Spencer Eq. Jur., sec. 658; Adam's Eq., sec. 199; Pom. Eq. Jur., 1395-1399; Story Eq. Jur., Sec. 700; 118 U. S., 86; 113 U. S., 550; 93 Va., 332; 97 Va., 329; 28 S. E., 694; 24 S. E., 596; 103 Ill., 41; 56 Ill., 25; 52 Mo., 272; 91 Va., 714. *Error to refer legal issues:* 25 S. C., 72; 52 S. C., 237; 71 S. C., 282; Pom. Code Rem., 86; 76 S. C., 316; 52 S. C., 396; 36 S. C., 559; 19 S. C., 290; 9 S. C., 282.

*Mr. R. B. Allison,* contra, cites: *Second defense properly stricken out:* Code of Proc., 181; 2 Waits Pr., 437; 18 S.

C., 479; 60 S. C., 390; 50 S. C., 67. *Allegation of owner-ship includes that of possession:* 17 Ency. P. &. P., 311, 336, 328; 121 U. S., 556; 19 Ind., 322; 7 Minn., 167; 79 Cal., 443; 142 Ind., 218; 78 Hun., 380; 35 Ohio S., 598; 133 U. S., 437; 129 U. S., 291; 12 Ind., 249; 70 S. C., 578. *Issues properly referred;* Code of Proc., 274, 275, 274a; 53 S. C., 130; 33 S. C., 389; 35 S. C., 421; 5 S. C., 411; 73 S. C., 533.

March 24, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Howell H. Shute brought his action against William H. Shute, John Shute and Joseph D. Shute, alleging that he was seized in fee of a tract of land containing three hundred and thirty-seven acres, fully described in the complaint hereinafter reproduced, but that on the 6th day of August, 1892, he, without being paid any consideration whatever, signed a paper purporting to be a deed for the said tract of land to his three sons, William H. Shute, John Shute and Joseph D. Shute, but never delivered the same and the same has never been delivered to any of the defendants, but has always remained in plaintiff's custody and possession; but that through some mistake or inadvertence the said deed was recorded in the office of Register of Mesne Conveyances for Lancaster County, wherefor the plaintiff demanded that said alleged deed of conveyance should be set aside and cancelled, and the same be cancelled on the records.

The defendant, William H. Shute, answered, admitting all the allegations of the complaint; the defendant, John Shute, failed to make any answer whatsoever; but the defendant, Joseph D. Shute, answered denying the plaintiff's right to any relief whatsoever.

It will be necessary to set forth the complaint and answer *in extenso:*

"The complaint of the above named plaintiff, Howell H. Shute, respectfully shows to the Court:

"First. That the plaintiff, Howell H. Shute, is the owner in fee simple of the following described tract of land, viz.: all that piece, parcel or tract of land, situate in the County of Lancaster, in the State of South Carolina, in Buford Township, on the waters of Wild Cat Creek, containing three hundred and thirty-seven acres (337), more or less, bounded on the north by lands of William Estridge and lands of B. F. Baker, on the east by lands of John T. Fraser, on the south by lands of William H. Shute and B. F. Haile, and on the west by lands of Ellison Small.

"Second. That on or about the 6th day of August, 1892, this plaintiff, without being paid any consideration whatever, signed a paper purporting to be a deed of conveyance of the tract of land above described to his three sons, viz., William H. Shute, John Shute and Joseph D. Shute, the defendants herein, but this plaintiff distinctly and expressly avers and alleges that said paper was not delivered at the time, and never has been delivered to any one of the said defendants, but has always remained in the custody and possession of this plaintiff.

"Third. That this plaintiff merely signed the said paper, but never delivered it, and held it in his custody and possession, subject to be recalled or destroyed by him, whenever he saw fit and proper.

"Fourth. That the said paper purporting to be a deed of conveyance as aforesaid, through some mistake or inadvertence, was recorded in the office of the Register of Mesne Conveyances for Lancaster County, on the 23d day of August, 1892, in Book G of Deeds, on pages 682 and 683, and is a cloud upon plaintiff's title.

"Wherefore, the plaintiff demands judgment, that the said paper purporting to be a deed of conveyance as aforesaid, be set aside and cancelled by order of this Court, that the same be also cancelled of record, for such other and further relief as may seem meet and proper, and for the costs of this action."

"The defendant, Joseph D. Shute, answering the complaint herein, would respectfully show to this Court:

"For a first defense:

1. "That he denies each and every allegation not herein expressly admitted, qualified or explained.

2. "That defendant denies the first, second, third and fourth paragraphs of said complaint.

"For a second defense:

1. "That at the time of the commencement of this action the plaintiff was not the owner of the premises described in the complaint, nor any part or parcel thereof, or any right, title or interest therein, nor entitled to the possession thereof, or to any part or parcel thereof.

"For a third defense:

1. "That neither the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises described in the complaint, or any part thereof, within ten years before the commencement of this action, but this defendant and his grantor, John Shute, have held and possessed the said premises adversely to the pretended title of the said plaintiff for more than fourteen years last past, and for more than ten years before the commencement of this action, under a claim of title in fee simple, exclusive of any other right.

"For a fourth defense:

"That previous to and at the commencement of this action the defendant, Joseph D. Shute, was, and he now is, seized in fee simple and possessed of a two-thirds interest in the said tract of land described in the complaint, and the said plaintiff has no interest, legal, equitable, or otherwise, therein, or to remaining one-third part thereof.

"For a fifth defense:

1. "That this defendant, Joseph D. Shute, has made large and permanent improvements on said premises mentioned in the said complaint, believing at the time of making said improvements that his title thereto was good in fee simple. That in consequence of said betterments and improvements

upon the said premises described in the complaint, the said
lands have been enhanced in value and price, greatly im-
proved, and said increased value thereof exceeds twelve hun-
dred dollars.    And this defendant hereby sets up a claim
against the said plaintiff by way of counterclaim for the
sum of twelve hundred dollars, increased value of said lands
by reason of the said betterments and improvements, and
prays for such relief thereupon as may seem just to the
Court.

"For a sixth defense:

1. "That the plaintiff ought not to be allowed to impeach
his conveyance described in the complaint, said plaintiff
ought to be estopped from attempting to maintain his alleged
cause of action, or otherwise attempting to assail said deed
of conveyance for the reason, matters and things set out in
this defense.

2. "That in August, 1892, the plaintiff, Howell H. Shute,
for good, valuable and sufficient consideration, conveyed in
fee simple to the defendants herein, the lands described in
the complaint, and as a part consideration moving said con-
veyance these defendants agreed to pay and discharge in
full, an outstanding mortgage on said lands; that this de-
fendant, pursuant to said agreement, paid a portion of said
mortage claim, and is now willing and ready to pay his pro
rata share of the balance outstanding, and this defendant
would have paid said pro rata balance but for the interfer-
ence and protest of the said plaintiff; that it was also a part
of the said agreement that this defendant would care for
said plaintiff, and pursuant to this agreement this defendant
did receive the said plaintiff in his home, and there care for
and attend to his wants, for a period of over seven years;
that plaintiff was cared for and boarded without additional
charge or compensation; that this defendant paid a large
portion of the taxes on said premises, and built houses and
otherwise improved said lands; that said improvements were
made with knowledge by the plaintiff that the defendant con-
sidered said lands as belonging to said defendant in fee

simple, and the plaintiff encouraged, permitted and acqui-
esced in all of said expenses, improvements and disburse-
ments to the improvements of said land. That said plaintiff
placed this defendant in possession of said premises for the
purposes and reasons aforesaid.

3. "That the said plaintiff conveyed the said premises to
the said defendants in fee simple, executing a warranty title
or grant thereto, and by the conduct of plaintiff this defend-
ant was induced to spend a considerable sum of money in
making said improvements, spend much money in otherwise
improving said lands and keeping the same in suitable re-
pairs, was induced to pay the taxes thereon, and to remain
on said premises for the past fourteen years.

4. "That by reason of the conduct, deeds and acts of this
plaintiff this defendant was misled into paying a large part
of a mortgage debt on said lands, payment of the taxes
thereon, making permanent and valuable improvements
thereon, moving upon and remaining on said lands, and this
defendant now pleads such conduct in estoppel of any right,
title, claim or interest that said plaintiff may have other-
wise asserted in connection with said lands.

"For a seventh defense:

1. "That the plaintiff has since the year 1892 known, or
soon thereafter knew, that the deed mentioned in the com-
plaint was recorded in the office of Register of Mesne Con-
veyance for Lancaster County, in Book G, pages 682, 683,
and since receiving the aforesaid knowledge or information,
the said plaintiff made no effort to remove the said cloud
upon his title, or the alleged cloud upon his alleged title, and
by long delay and silence fully acquiesced therein, and by
such conduct, non-action, inertia and lack of due or proper
diligence on the part of said plaintiff, in asserting his rights,
if any existed, the said plaintiff became guilty of laches and
the said defendant, Joseph D. Shute, now pleads said laches
in bar and estoppel of the present action.

"Wherefore, this defendant demands judgment for such

relief in the premises as may seem meet and just to the Court."

The plaintiff upon notice sought to have the second, third, fourth, fifth, sixth and seventh defenses struck out and the defendant interposed a demurrer to the complaint upon the grounds that the same did not constitute facts sufficient to support an action.

When the matter came on to be heard before Judge Aldrich in open court, at Lancaster, by order, the second defense was struck out, and by an order passed by said Judge the demurrer was overruled; from these two orders the defendant Joseph D. Shute has appealed to this Court; the Circuit Judge ordered a reference to take the testimony by a referee, the defendant Joseph D. Shute has also appealed from that order.

We will now examine these grounds of appeal. The appellant has abandoned the first ground; the next seven grounds of appeal question the propriety of the Circuit Judge overruling the demurrer to the complaint.

It seems to us that the plaintiff has sufficiently alleged title because he states he is the owner in fee simple; if any doubt existed in the mind of the appellant as to possession of the plaintiff he had a right to move to make the complaint more definite and certain. The plaintiff is not suing to recover the land from the defendant, but merely to relieve his own land from a cloud upon its title produced by accident or mistake; if it were otherwise the case of *Pollitzer* v. *Beinkempen*, 76 S. C., 517, would present an impregnable barrier against the plaintiff. The case just cited was heard upon agreed statement of facts where it is stipulated by both parties that Beinkempen was in possession of land there referred to. It must be remembered always that that decision was rendered upon a trial of that case upon its merits and not by pleading. The case at bar would be more naturally governed by the case of *Fire Co.* v. *Richland Lodge*, 70 S. C., 578, 50 S. E., 499; also the case of *Ely* v. *New Mexico, etc., R. R. Co.,* 129 U. S. Supreme Court Rep.,

291, where it was held "that a complaint which alleges that the plaintiff is the owner of certain real estate is a good complaint to acquire title." Nor do we find that the complaint is wanting in its statement of equities. As is alleged in the argument the complaint "bristles with statements of equities." We must, therefore, overrule these grounds of appeal.

The next grounds of appeal, embraced in the ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth exceptions, relate to the right of the judge to have the legal issues tried by a referee. It seems to us that the plaintiff, when he asked that a cloud upon his title to land may be removed and the paper writing cancelled, presents a cause of action for equity cognizance. That being the case and no application for Rule 28 of the Circuit Court being made, it was in the power of the Circuit Judge to refer issues for trial to a referee. *Insurance Co.* v. *Berry,* 53 S. C., 130, 31 S. E., 53. Section 275 of our Code provides for the reference. This not being an action for the recovery of money or the recovery of specific real and personal property. *Gregory* v. *Perry,* 66 S. C., 459, 45 S. E., 4; *Hughes* v. *Kirkpatrick,* 37 S. C., 169, 15 S. E., 912; *McLaurin* v. *Hodges,* 43 S. C., 192, 20 S. E., 991; *DuPont* v. *DuBos,* 33 S. C., 389, 11 S. E., 1073, also *ex parte Apeller,* 35 S. C., 421, 14 S. E., 931.

These exceptions are overruled.

Lastly, the sixteenth exception relating as it does to the objection and protest of the defendant-appellant to any reference of the equitable issues to a referee, is governed by the rule just before announced. The party appellant not desiring a reference and his protest at the appointment of a referee would not interfere with such discretion of the Circuit Judge sitting as a chancellor. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS, *concurring.* I concur in the affirmance of the judgment.

The general rule is stated in *Pollitzer* v. *Beinkempen,* 76 S. C., 517, 520: "The claimant of the legal title of land can not maintain an action to remove a cloud from his title unless he is in possession. His remedy is to bring his action on the law side of the court to recover possession, and thus test the title; for his adversary in possession is entitled to a trial by jury on the question of the title and right of possession." But the application of the rule does not aid the appellant. The allegation of ownership in fee simple carries with it the allegation of possession, for the possession is presumed to follow the legal title. Code of Procedure, Secs. 99 and 101; *Love* v. *Turner,* 71 S. C., 330, 51 S. E., 101.

Besides, the complaint is to relieve the plaintiff from hardship and injustice which may result to him from mistake, and is, therefore, purely equitable. In *Pollitzer* v. *Beinkempen,* no question of fraud or mistake or matter of special equitable cognizance was involved, and the rule therein stated is not inconsistent with the still more general rule that anybody whose interests are involved has a right to the equitable relief of having a paper apparently valid set aside for fraud or mistake. The right to such equitable relief does not depend on possession or any other particular relation to the property involved, but the relief falls under the general jurisdiction of the courts of equity to relieve any one whose interest are affected against fraud or mistake. *DuPont* v. *DuBos,* 33 S. C., 389, 11 S. E., 1073; *Miller* v. *Hughes,* 33 S. C., 541, 12 S. E., 419; *Sires* v. *Sires,* 43 S. C., 266, 21 S. E., 115; *DuBose* v. *Kell,* 76 S. C., 313.