### 7192

### WHITTLE v. JONES.

1. JURISDICTION—REFERENCE.—Where one Circuit Judge declines to remand a case to master for further evidence because in his opinion the defendant is not entitled on the pleadings to the relief set up in the answer and upon appeal this position is reversed and case sent back for trial, a subsequent trial Judge is not bound by the order refusing to remand, but may remand the case to the master for further evidence.

2. REHEARING refused.

Before DEVORE, J., Edgefield, August, 1908. Affirmed.

Action by J. D. Whittle, assignee of F. M. Mixon, against Ellie Brooks Jones, A. C. DePass and Scottish-American Mtg. Co., Limited. From order remanding case for further evidence, defendants Ellie Brooks Jones and A. C. DePass appeal.

*Messrs. B. E. Nicholson, John S. Reynolds* and *DePass & DePass* for appellants. *Trial court should only have formulated judgment here:* 26 S. C., 391; 26 S. C., 560; 62 S. C., 445; 37 S. C., 145. *Previous order refusing to remand is binding:* 18 S. C., 602; 43 S. C., 299. *Preponderance of evidence in favor of defendants:* 44 S. C., 540; 67 N. E., 20; 75 Ill. App., 585; 49 N. W., 809; 5 Am. St.

R., 224; 78 S. C., 556; 59 S. C., 311; 72 Col., 283; 17 Ind., 272; 1 Wig. Ev., Sec. 285; 160 U. S., 383; 72 Fed., 502. *Refusal of judgment for defendants is error of law:* 43 S. C., 318; 9 S. C., 83; 69 S. C., 187.

*Mr. N. G. Evans,* contra, for plaintiff, cites: *Case is proper one to refer:* 8 Rich. Eq., 56; 10 S. C., 491; 27 S. C., 239; 29 S. C., 452.

The opinion in this case was filed April 13, but remittitur held up on petition for rehearing until

May 11, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought by J. D. Whittle, the assignee of F. M. Mixson, upon a sealed note and mortgage of real estate, given as security, made by Mrs. Ellie Brooks Jones, for the purchase money of a pressing club, its equipment and good will. This note was dishonored by the defendant, Mrs. Jones, who claimed that Mixson had misrepresented the value of the business, and hence that there was failure of consideration. The cause was referred to the master and after the filing of his report, the plaintiff applied to the Circuit Court for an order referring the case back to the master for further evidence. This motion was denied. Thereafter, the cause was heard by Judge Gary on the pleadings and the evidence; and though his Honor found that had Mrs. Jones proceeded differently, she would have been entitled to relief, he held that she had put herself beyond the aid of the Court by failing to rescind the contract and gave judgment for the plaintiff for the full amount of the note and mortgage. On appeal, this Court, holding that the omission of Mrs. Jones to seek a rescission of the contract and of her sale of the property to Mixson did not deprive her of the right to rely upon the defense of misrepresentation, modified the judgment of the Circuit Court

and remanded the case to that Court for the purpose of determining the amount due on the plaintiff's mortgage, 79 S. C., 208, 60 S. E., 522. On the call of the case by Judge DeVore after remand, Mrs. Jones and A. C. DePass, the defendants, demanded judgment on the record, contending that they were entitled to it under the decision of this Court; but the plaintiff moved that the cause be referred to the master for the taking of further testimony. The order of Judge Gary refusing a similar motion was brought to the attention of Judge DeVore, but after a review of the testimony he granted plaintiff's motion. The rights of the Scottish-American Mortgage Company, Limited, are not involved in this appeal.

The appeal turns on the question whether Judge Gary's order, refusing to refer the case back to the master to take further testimony, was binding on Judge DeVore, when the cause came before him for trial. In *Wilson* v.

1.    *York*, 43 S. C., 303, 21 S. E., 82, Judge Gary made an order striking the case from Calendar 2 and placing it on Calendar 1, on the ground that the defendants were entitled to trial by jury. Subsequently Judge Watts made an order of reference to take the testimony. On appeal from this latter order, it was held that the order of Judge Gary "was the law of the case, and could not be properly disregarded by any subsequent Circuit Judge, unless, perhaps, the subsequent developments made by the trial put upon the case such a different aspect from that presented by the pleadings, which alone were before Judge Gary, as to show that the order of reference was proper." Even if the same general principle applied to an order like that under consideration, a subsequent Judge would not be bound by such a mere ministerial order where there had been a material change in the aspect of the case. We think there was such a change here. Judge Gary entertained the opinion that the defense set up by Mrs. Jones could not avail, even assuming the allegations of her answer and the

evidence offered by her to be true, and, therefore, he could not do otherwise than refuse to order a reference to enable the plaintiff to submit evidence. But afterwards this Court held, that Mrs. Jones had set up a good defense and had offered evidence tending to establish it, and remanded the case for the purpose of ascertaining the amount due on the mortgage in view of the mortgagor's defense. The aspect of the case, as presented to Judge DeVore, by reason of the decision of this Court, was very different from that presented to Judge Gary. Judge DeVore could not, therefore, be bound by the order of Judge Gary, and the order of reference made by him was within his discretion. But without respect to any change in the aspect of the case, Judge DeVore was not bound by the order of Judge Gary. The point was expressly decided in *Farmers etc. Association* v. *Berry,* 53 S. C., 129, 31 S. E., 53, and *Gregory* v. *Perry,* 66 S. C., 455, 45 S. E., 4. In affirmiing this order, we express no opinion as to whether discretion was wisely exercised by the Circuit Judge.

There can be no doubt that the defendant, Mrs. Jones, is entitled to the benefit of the evidence already introduced by her. The order of Judge DeVore does not contemplate that she shall be required to reintroduce that testimony, but that both parties may introduce additional evidence.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

May 11, 1909. PER CURIAM. All the points mentioned in this petition were fully considered and decided in the opinion of the Court. The petition for a rehearing is refused, and the order staying the remittitur is revoked.