8945

### THE MOBLEY CO. v. McLUCAS.

(82 S. E. 986.)

TRIAL.  ISSUES.  REFERENCE.  APPEAL AND ERROR.

The defendant is not entitled to a jury trial of issues raised by plea of failure of consideration, and counterclaim alleged to grow out of plaintiff's failure to perform its contract, in an action for foreclosure of a mortgage to secure purchase money of fertilizers sold by plaintiffs to defendants for agricultural purposes; and an appeal from an order of reference in such case should be dismissed.

Before SPAIN, J., Bennettsville, February, 1914.   Appeal dismissed.

Action by The Mobley Company against R. M. McLucas and Effie McLucas.   The facts are stated in the opinion.

*Messrs. Townsend & Rogers* and *J. K. Owens,* for appellants.

*Messrs. Gibson, Muller & Tison,* for respondent, submit: *No issues were asked under C. C. Rule 28:* 76 S. C. 507.   *Order proper:* 27 S. C. 235; 79 S. C. 269, 427; 69 S. C. 186, *and in discretion of Judge:* 76 S. C. 507.

September 24, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order of reference, which, the appellants contend, deprived them of a mode of trial to which they were entitled by law, to wit, a trial by jury.

The action is to foreclose a mortgage of certain lands, which was executed by the defendant, R. M. McLucas, to

FOOTNOTE.—As to constitutional right to trial by jury in equitable actions on account of demand for damages, see note in 15 L. R. A. 287, and supplementary note in L. R. A. Extra Annotations, 2 vol. 287; as to the application to other than common law cases, see 1 L. R. A. 481, and in 1 Am. & Eng. Ann. Cases 703.

secure the payment of a promissory note, made by the defendants in favor of the plaintiff in consideration of fertilizers, which the plaintiff agreed to advance to the defendant, R. M. McLucas, for agricultural purposes.

The defendants answered the complaint, setting up failure of consideration; and, by way of affirmative relief, interposing a counterclaim for damages, alleged to have been sustained by the defendants, on account of the plaintiff's failure to perform its part of the contract.

The following authorities show that the appeal should be dismissed: *McLaurin* v. *Hodges,* 43 S. C. 187, 20 S. E. 991; *Hunt* v. *Nolen,* 46 S. C. 551, 24 S. E. 543; *Hardware Co.* v. *Washington,* 47 S. C. 187, 25 S. E. 45; *McCullough* v. *Kirven,* 49 S. C. 445, 27 S. E. 456; *Insurance Assn.* v. *Berry,* 53 S. C. 129, 31 S. E. 53; *Gregory* v. *Perry,* 66 S. C. 455, 45 S. E. 4; *Ex parte Landrum,* 69 S. C. 136, 48 S. E. 47; *Pratt* v. *Timmerman,* 69 S. C. 186, 48 S. E. 255; *Engine Co.* v. *Lodge,* 73 S. C. 533, 53 S. E. 993; *Shute* v. *Shute,* 79 S. C. 420, 60 S. E. 961; *Machinery Co.* v. *Hamilton,* 89 S. C. 438, 71 S. E. 1029; *Welborn* v. *Cobb,* 92 S. C. 384, 75 S. E. 691.

Appeal dismissed.