## LATIMER v. BALLEW.

1. INJUNCTION—VOID SALE.—The purchaser of lands from devisees cannot ask the Court to enjoin a sale thereof by the sheriff under judgment against testator, where there is no allegation in the complaint that the judgment was a lien on the land, as a sale under a judgment without lien would not disturb the plaintiff's title.

2. IBID.—JUDGMENT—SEVERAL PARCELS.—If the judgment had a lien, the plaintiff would still not be entitled to relief on the bare allegation that there were other assets amply sufficient to pay the judgment.

3. IBID.—IBID.—IBID.—A judgment creditor may enforce payment by sale of any property on which his judgment has a lien, and the Court of Equity will not enjoin his selection.

Before WALLACE, J., Laurens, June, 1893.

In this case, Hon. Eugene B. Gary, Associate Justice-elect of this court, sat in the place of Mr. Justice Pope, who had been of counsel in the cause. It was an action by Joseph P. Latimer against B. F. Ballew, as sheriff, and G. W. Shell, as clerk of court, commenced December 5, 1892.

*Messrs. Perry & Heyward* and *G. W. Dillard,* for appellant.

*Messrs. C. C. Featherstone* and *N. B. Dial,* contra.

June 8, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. The plaintiff brought his action in the court below for injunction, upon the following allegations of his complaint:

"I. That the plaintiff is now the owner, and is in possession, of the following described parcels of land, situate in the county and State aforesaid, to wit: * * * II. That the said lots were, by the will of the late Hewlet Sullivan, devised, the former to M. Henrietta Parkins and the latter to Sallie C. Mahaffey, and were, on the 15th day of December, A. D. 1889, duly conveyed by the said M. Henrietta Parkins and Sallie C. Mahaffey, respectively, to this plaintiff, by deeds, which were duly recorded in the mesne conveyance office for Laurens County, on the 19th day of February, A. D. 1890. III. That on the 9th day of November, A. D. 1890, the defendant, B. F. Ballew, as sheriff as aforesaid, advertised in the 'Laurensville Herald,' a newspaper published in the county of Laurens, and is now continuing to advertise, from time to time, in said newspaper, the said two lots for sale, for the satisfaction of an alleged judgment in favor of the defendant, G. W. Shell, as clerk as aforesaid, against the said Hewlet Sullivan, a copy of which advertisement is hereto attached, and made part of this complaint, to wit: *'Sheriff's Sale,* for December, 1892. By virtue of sundry executions to me directed by the clerk of the court for Laurens County, I will sell, on the first Monday in December next, during the legal hours of sale, before the court house door, in Laurens, the following property, to wit: Also,

one hundred and sixty-eight (168) acres of land, more or less, situated in Laurens County, State aforesaid, bounded by lands formerly belonging to Fannie Goodgion, Thomas W. Traynham, William H. Poole place, and Reedy River, said tract being a part of the old home place of Hewlet Sullivan, deceased, and by him devised to Sallie Mahaffey and Hettie Parkins, and by them sold to Dr. J. P. Latimer, who is now in possession of the same; levied on as the property of Hewlet Sullivan, deceased, at the suit of G. W. Shell, as clerk of court, *vs.* Hewlet Sullivan, deceased, defendant. Terms cash. Purchaser to pay for papers. B. F. Ballew, S. L. C. November 9, 1892. 52 4t.' IV. That there are other assets of the estate of the said Hewlet Sullivan, both real and personal, amply sufficient to satisfy the said judgment without recourse upon the lots hereinbefore described, which fact is well known to the defendants; and if the defendants be allowed to proceed to the sale of the said lots, great and irreparable loss and damage will thereby be brought upon the plaintiff herein * * *."

Both the defendants answered the complaint, but the view of the case hereinafter expressed by this court renders it unnecessary to set forth the issues raised by them. The case was referred to F. P. McGowan, Esq., as special referee. Defendants interposed an oral demurrer to the complaint, before the special referee, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and when the case was heard by his honor, Judge Wallace, upon exceptions to the report of the special referee, he confirmed the report, and ordered that the complaint be dismissed. Plaintiff's appeal to this court questions the ruling of the court below in sustaining such demurrer.

The complaint does not allege at what time the judgment therein mentioned was recovered. It fails to allege whether or not the judgment was a lien on the property at the time it was sold to the plaintiff; also, if the judgment is null and void, the facts making it a nullity. Even if it appeared that the judgment was not binding on the property, there is nothing in the complaint showing that the plaintiff is entitled to equitable relief. *Wilson* v. *Hyatt, McBurney & Co.*,

4 S. C., 369, decides that, "It," the court, "has not the power to prevent a trespass, save where, in the language of Chancellor Kent, in *Livingston* v. *Livingston*, 6 Johns. Ch., 500, referring to *Garstin* v. *Asplin*, 1 Mad. Ch. Rep., 150, and cited in *Lining* v. *Geddes et al.*, 1 McCord Ch., 304, there is something particular in the case, so as to bring the injury under the head of quieting possession, or to make out a case of irreparable mischief, or where the value of the inheritance is put in jeopardy."

In the case of *Bleckeley, Brown & Fretwell* v. *Branyan*, 28 S. C., 445, it is held that the owners of land will not be affected by a sale under judgments that are nullities. On page 450, the court says: "It seems to us that, after the former decision of this court, the plaintiffs occupied simply the position of purchasers of the land, holding the legal title thereto, and, as such, had no grounds to enjoin the sale under appellant's judgments"—citing *Wilson* v. *Hyatt*, &c., *supra*. The case of *Gillam* v. *Arnold*, 32 S. C., on page 509, says: "The property levied upon is real estate in the possession of the plaintiff, and if the defendants undertake to sell it under a void judgment, how would that injure the plaintiff? All she has to do is to forbid the sale, give notice of the defect in the judgment, and retain the possession; and if any one chooses to purchase after this, it is difficult to understand how she could be ousted from the possession, if, in fact, the judgment can be shown to be void in any proper proceeding instituted for that purpose. *Wilson* v. *Hyatt*, 4 S. C., 369." The complaint in the above mentioned case was for injuction, which was refused.

If the judgment mentioned in the complaint was a lien on the property at the time of its purchase by the plaintiff, we are likewise of the opinion that the plaintiff is not entitled to equitable relief. The equity which the plaintiff asserts in his complaint, that the sheriff should be enjoined from selling the property because he, the plaintiff, is the purchaser from the devisees of the judgment debtor, is now in possession thereof, and "that there are other assets of the estate of the said Hewlet Sullivan, both real and personal, amply sufficient to satisfy the said judgment * * * without recourse upon the lots hereinafter described, &c.," can not be sustained. The

assets are not specifically mentioned nor pointed out, nor is it alleged that they are equally available for the payment of the said judgment. It is simply alleged that there are other assets amply sufficient for that purpose.

But waiving all objections to the sufficiency of the allegations of the complaint to set forth the equity for which the plaintiff contends, the relief can not be granted. It has been settled in this State by an unbroken line of decisions that the relief prayed for by the plaintiff will not be granted. The case of *Wagner v. Pegues*, 10 S. C., 361, uses language as follows: "The authorities cited abundantly show that a judgment creditor can-not be compelled to resort to any one of several sources to obtain satisfaction, even in favor of purchasers from the debtor subsequent to the judgment. He has the right to select what property shall be sold under his execution"— citing *Longworth* v. *Screven*, 2 Hill, 298; *McAliley* v. *Barber*, 4 S. C., 45; *Moore* v. *Wright*, 14 Rich. Eq., 132. The case of *McAliley* v. *Barber*, 4 S. C., 48, in commenting on the case of *Moore* v. *Wright*, 14 Rich. Eq., 132, says: "That case holds distinctly that a purchaser under a partition among distributees, has no equity to restrain a judgment creditor of the ancestor of the distributees from enforcing such judgment against any portion of the estate bound by such judgment, on the mere ground that it can be satisfied out of other assets, without prejudice to the plaintiff's right, which would otherwise be defeated, and that an allegation that the party stood by and did nothing to prevent this sale, did not give rise to such an equity. The judgment creditor has the right to select as to what property of the judgment debtor shall be sold under his execution. *Longworth* v. *Screven*, 2 Hill, 298. Unless, therefore, there is a general equity between the parties, or such an abuse of the right of selection as shall amount to a fraud on the right of third persons, that legal right can not be restrained on equitable grounds."

Chancellor Carroll, in denying the injunction on Circuit, in the case of *Moore* v. *Wright*, says: "It seems only just to require that those who insist on sufficiency of remedy as a means of payment should be obliged to take the risk and delay of enforcing it on themselves. *Aldrich* v. *Cooper* (Am. Notes), 2

Lead. Cases Eq., pt. I., p. 78, 276." At the end of the notes to *Aldrich* v. *Cooper*, reported in White and Tudor's Leading Cases in Equity, vol. 2, part I., page 288, the following language is used: "Delay may be often more injurious to the creditor than beneficial to the debtor, and applications to the discretion of a court, founded on special equities, necessarily tend to delay, whether they are acted on or rejected. On the whole, it would seem that the course which the Supreme Court of Pennsylvania have adopted in holding that those who are liable in property or person for the payment of debts, must pay in the first instance, and then look for indemnity afterwards, is more truly equitable in the long run for all parties than any other, and that any good which may result from deviating from it, in particular instances, will be more than counterbalanced by the injury resulting from its application in general." The case of *Longworth* v. *Screven*, 2 Hill, 298, held that "a plaintiff having a judgment against several for the same demand, may show partiality by levying his execution on the goods of either. Where a defendant has put away his property bound by execution, in the hands of several persons, the plaintiff may select the one who shall suffer."

It is the judgment of this court, that the judgment of the court below be affirmed.