### McLAURIN v. HODGES.

1. MODE OF TRIAL—APPEAL.—An order granting defendant's motion to submit to a jury, as a matter of right, issues raised by her answer in an action of foreclosure, may be appealed from by the plaintiff.

2. IBID.—FORECLOSURE—LEGAL DEFENCES.—In action to foreclose a mortgage, the defendant pleaded, under the statute, usury and a counter-claim for double the excessive interest paid by her, and the Circuit Judge ruled that defendant was entitled, as a right, to have the issues thus raised by her answer passed upon by a jury. *Held*, that in this ruling there was error, as the defence and counterclaim affected directly the amount due on the mortgage, and was not a defence separable from plaintiff's equitable cause of action. All of the issues were, therefore, triable under the rules of the Court of Equity.

Before NORTON, J., Marlboro, September, 1894.

Action by Lauchlin B. McLaurin against Charlotte I. Hodges and John L. Hodges.

*Messrs. Hudson & Covington*, for appellant.

*Messrs. Newton & Shipp*, contra.

February 19, 1895. The opinion of the court was delivered by MR. JUSTICE POPE. On 1st December, 1881, the defendant,

Charlotte I. Hodges, made and delivered her bond, of that date, in the penalty of $6,000, conditioned to pay $3,000, twelve months thereafter, with interest from date until fully paid and payable annually, to the plaintiff, and at the same time, in order to secure the payment of said bond, she executed to him a mortgage of a tract of land in Marlboro County, in this State, said to contain 200 acres, more or less. By law, said $3,000 bore seven per cent. interest. On the 27th February, 1884 (we suppose), in consideration of further time upon said bond, said defendant agreed in writing to pay interest thereon from the first day of December, 1883, at ten per cent. per annum, payable annually till fully paid at that rate instead of seven per cent. per annum. Interest was fully paid until and up to 1st December, 1883. On the 19th February, 1885, $100 was paid; on 2d March, 1885, $200 was paid; on 5th February, 1887, $330 was paid; on 2d February, 1888, $340 was paid; on the 17th February, 1890, $300 was paid; on 22d of April, 1891, $300 was paid; on 31st May, 1892, $300 was paid; and on 15th March, 1893, $300 was paid; and no other or further payments were made thereon.

The plaintiff, at some time prior to 28th September, 1894, begun this action against the said Charlotte I. Hodges and John L. Hodges as defendants. His complaint recites the foregoing facts; alleges a breach of the conditions; the amount due on the bond; that John L. Hodges is in possession of the land as agent of his codefendant, and seeks a foreclosure of the mortgage. To this complaint the defendant, Charlotte I. Hodges, alone made answer. While she admits the execution of the bond and mortgage as well as the payment thereon, she sets up two defences. In the first, she alleges that the contract was tainted with usury in this: that although $3,000 is nominated in the condition of the bond, yet that on the 1st December, 1881, she only received $2,910 in money, and that when she paid $210 on 1st December, 1882, as the interest, which was seven per cent. on the $3,000, yet, in fact, by the payment of the $90 on December 1, 1881, and the $210 paid on 1st December, 1882, she actually paid ten per cent. interest when the law only allowed seven per cent.; and that, by reason of usury, the plaintiff is

only, under the law, entitled to recover the principal loaned, $2,910, without any interest thereon. As her second defence, she alleges that the plaintiff is indebted to her, as by a counter-claim, in the sum of $5,540, that last amount being double the whole interest, to wit: $2,770, she had paid the plaintiff as usurious interest.[1]

The action was placed upon Calendar 2, and on being called for a hearing before his honor, Judge Norton, the plaintiff asked for the usual order of reference in a cause on the equity side of the court. To this, however, the defendant objected, insisting that the action should be placed upon Calendar 1, where her defences of usury and counter-claim could be tried by a jury, urging this both as a matter of discretion in the presiding judge, and as a matter of right demandable by the defendant. After argument, the presiding judge passed the following order: "This action is one in usual form to foreclose a mortgage upon real estate, and the case was called for a hearing on Calendar 2, upon which it had been duly docketed. The jurors for the term had been discharged. After reading of the pleadings, counsel moved for an order of reference in the form hereto appended. This motion was resisted by counsel for the defendant, who claimed that the pleadings raise an issue of fact for trial by jury, demandable as a matter of right. Counsel for the plaintiff contended that the action presents a case in equity, triable by the court, and should be referred to a referee, as is usual in such cases. The defence is usury, and to recover double the amount of the usurious interest. I regard this as a statutory action by defendant against the plaintiff for the recovery of money only, and that the defendant, Charlotte I. Hodges, has a right to demand that this counter-claim and plea of usury be tried by a jury. Had I the discretion to grant or refuse the application for a trial by jury, I would refuse it and sign the order of reference, first, because the defendants by counsel had not conformed to Rule 28 of the Circuit Court, and, secondly, because, as a matter of discretion, I would prefer to have the issue tried by the court upon the report of a referee as a case in equity. The motion for a reference is, therefore, refused,

---

[1] The plaintiff replied, denying the counter-claim.

and the case is ordered to be placed on Calendar 1, for trial by jury of the pleas of usury and counter-claim."

From this order the plaintiff has appealed upon three grounds: 1. Because, it is respectfully submitted, that his honor erred in holding that the defence of usury and counter-claim interposed to the plaintiff's action of foreclosure by the defendant, Charlotte I. Hodges, raises issues· which she has a right to have tried by a jury against the protest of plaintiff, and that trial by jury of the defences of usury and counter-claim in this action is demandable as a matter of right. 2. Because, it is respectfully submitted, that the action is one on the equity side of the court, the relief demanded is equitable, and the issues of fact raised in the answer are properly triable by the court, which has jurisdiction either to try the issues in open court, or to order a reference, or to ask the aid of a jury, according to the discretion of the presiding judge, as in all cases in equity in which issues of fact may arise. 3. Because it was discretionary in the presiding judge to order a reference, and he erred in holding that he had no such discretion, and in ordering a trial by jury as being demandable as a matter of right.

We will now consider the questions suggested by the appellant, and we do not know a simpler form in which these questions may be stated than that suggested by the appellant, namely: 1st. Is the order of Judge Norton appealable? 2d. Has the defendant the legal right to have a jury trial of her defences?

We find no difficulty in reaching the conclusion that the order of Judge Norton, from which this appeal is taken, was of such a nature as warranted an appeal therefrom, although it was an interlocutory order. As was said in *Capell* v. *Moses*, 36 S. C., 562: "This [appeal from an interlocutory order] is not usual, and yet in some exceptional cases it is admitted. The distinction seems to arise in those matters in which the Circuit Judge commits some error of law that will prejudice the appellant in his trial, and which error goes to the root of the matter." *Sease* v. *Dobson*, 34 S. C., 353; *Bank* v. *Stelling*, 32 S. C., 102. Certainly, if the appellant was entitled to have the trial here heard by a Circuit Judge sitting as

a chancellor, it was serious error to order a part of the issues tried by a jury on the demand of right by the defendant.

The second question is not free from difficulty, and has given us occasion for serious reflection. Our Code of Civil Procedure, at *section 274,* provides: * * * "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived as provided in sectin 288, or a reference be ordered." No waiver of a jury trial occurred here, nor was a reference ordered, so that we are face to face with the question: Is this "an issue of fact in an action for the recovery of money only?" Prior to 1877, contracts between parties as to lending money and providing what interest should accrue thereon was entirely in the hands of the parties, but in 1877 (16 Stat., 325,) this law was changed, so that seven per cent. alone could be recovered as interest, and if more than this was contracted for, the whole interest was forfeited. However, in 1882 (18 Stat., 35,) the law was again changed, allowing parties to contract for interest up to ten per cent., provided it was reduced to writing; and by this change in the law so made, not only was the interest to be forfeited, but it went further, and provided that if more than the legal rate of interest *was collected,* the payer of such excess of interest beyond the legal rate could recover in an action therefor, or by way of counter-claim to an action to recover the principal sum, twice the amount of such interest paid over and beyond the legal rate.

All these matters were carefully considered and expounded in the opinion of this court in *Hardin* v. *Trimmier,* 27 S. C., 110, when the present chief justice pointed out the marked changes in our law on this subject under the act of 1882, 18 Stat., 35. This act has now become *section 1390* of the Revised Statutes of this State. In the case cited above the [present] chief justice established by a chain of reasoning irrefutable: 1st, that it was illegal to charge more than the rate of interest allowed by our statutes, and the mere agreement to charge such excess rendered the agreement illegal, and all that the lender could recover under such contract was the principal loaned, but without any interest; and, 2d, if not more than

legal interest was received by the lender, at that moment the excess of such interest over and beyond the legal rate was recoverable by him who paid such excess to twice its amount, either in an action therefor or by a counter-claim.

Now, in the case at bar, the plaintiff seeks to recover by a foreclosure of his mortgage upon land, his debt and interest. The plaintiff cannot recover anything from such foreclosure except the principal of his debt, and no interest *if usurious*, and he cannot recover this principal if the amount of excess over the legal rate of interest which has already been paid to him by the defendant when multiplied by two equals the principal of plaintiff's debt. It seems to us that these two defences of the defendant are so interwoven. in the plaintiff's mortgage, which is but a security to the debt, and cannot exist without such debt, that if they subsist, they make up a part of the very entity of the action. That questions of fact arise in equity causes, and have to be decided there, is notorious. And we cannot see why the defendant can demand as a legal right to have them tried apart from the plaintiff's action, which is clearly equitable in its nature. In the case of *Capell* v. *Moses, supra,* this court recognized the right of the defendant, Moses, to have his question of title tried before a jury, because it was no part of plaintiff's cause of action. If Moses had title, Capell had no equitable cause of action whatever. Not so, however, in the case at bar. The defences set up by the defendant enter into the plaintiff's equitable cause of action as part of the very transaction. In *Hughes* v. *Kirkpatrick,* 37 S. C., 169, Chief Justice McIver remarked: "So that it is apparent that a trial by jury of any question of fact that arises in the progress of any proceeding cannot be demanded as a matter of right, but only where an issue of fact, for the recovery of money only or of specific real or personal property, arises."

The principle which must enter into a defence to an equitable cause of action, to give the defendant the right to demand a trial before a jury, is that it exists as a separate and distinct matter from plaintiff's equitable cause of action. If it is not separate and distinct therefrom, it must, for its trial, be subject to the same forum in which the plaintiff's cause of action is

triable. The Circuit Judge, in this case, failed to draw this distinction. He was in error, and his order must be reversed.

It is the judgment of this court, that the order made by the Circuit Judge be reversed, and the cause be remanded to the Circuit Court, for the trial of the whole cause in that court on its equity side.