### INDEPENDENT STEAM FIRE ENGINE CO. v. RICHLAND LODGE NO. 39, A. F. M.

1. BAR—JURISDICTION.—Upon refusal of motion to transfer case from cal. 2 to cal. 1, Court may refer the case to the master although oral notice of intention to appeal had been given.

2. EQUITY—REFERENCE.—ISSUES raised by pleadings in a suit to have adjudged that defendants have forfeited all interest in real property under an agreement in writing, the answer admitting that defendant's claim under the agreement, but denying forfeiture of all interest thereunder, are equitable and case properly referred to master to take and report evidence on all issues

Before J. P. CAREY, special Judge, Richland County, May, 1905. Affirmed.

Motions in case of Independent Steam Fire Engine Co. *against* Richland Lodge No. 39, A. F. M., *et al.* From Circuit order, defendants appeal.

*Messrs. Melton & Belser* and *Allen J. Green,* for appellants. *Mr. Green* cites: 17 S. C., 417; 24 S. C., 43; 42 S. C., 95; 53 S. C., 130; 60 S. C., 569; 63 S. C., 38; 66 S. C., 455; 69 S. C., 196; 70 S. C., 285.

*Messrs. Barron & Ray,* contra, cite: 5 Rich. Eq., 344; 13 Rich Eq., 54; 70 S. C., 580; 60 S. C., 591; 54 S. C., 430; 10 S. C., 492; 13 L. R. A., *Hahn* v. *Baker;* Wash. Eas., 654-57; McC., 96; Jones on Eas., 849; 22 S. C., 541.

March 23, 1906.   The opinion of the Court was delivered by

Mr. Chief Justice Pope.   The decision of this case in the first appeal herein was that the complaint stated a cause of action, 70 S. C., 572, 580.   The judgment of this Court was as follows: "This is an appeal from an order overruling a demurrer to the complaint.   It will be necessary therefore to set out the complaint, in the report of the case (which was done at pages 573-578, of 70 S. C., inclusive).   The main question in the case is, whether his Honor, the Circuit Judge, erred in ruling that, 'under the written agreement set out in the complaint, the defendants cannot lawfully use the premises described in said agreement except as a "Masonic Hall" and for "Masonic purposes."' '

"The construction placed upon the agreement by the Circuit Judge gives effect to all the terms of the agreement, while that for which the appellants contend would render inoperative and ineffectual the words 'as a Masonic Hall,' which are plain and unambiguous.   The allegations of the complaint show an invasion of the plaintiff's rights.   It is, therefore, entitled to some relief either legal or equitable, and the complaint is not subject to demurrer when the plaintiff is entitled to any relief whatever."   The judgment was affirmed.

The answer of defendants was as follows: "The defendants, Richland Lodge No. 39, A. F. M., Acacia Lodge No. 94, A. F. M., and Columbia Royal Arch Chapter No. 5, above-named, answering the complaint herein:

"First.   For a first defense.

"Admit the agreement set forth in paragraph VI. of the complaint, and so much of the complaint as alleges that these defendants claim an interest in the building and premises referred to herein and have been in continuous possession and enjoyment of the third story of said building from its completion until the present time; but said defendants deny each and every other allegation in said complaint contained.

"Second. For a second defense.

"1. Allege that after entering into the agreement set forth in the complaint, the trustees in behalf of the Masonic fraternity named therein duly performed all the covenants, conditions and stipulations of said agreement on their part to be performed, upon the completion of said building went into possession of the third story thereof, with the appurtenances thereto, and the said trustees, their successors in office, and these defendants have been and remained in exclusive and continuous possession and enjoyment of the same until the present time.

"2. That under and by virtue of said agreement and the joint erection of said building as therein provided for, the said trustees acquired, for the use and benefit of the several Masonic bodies referred to therein and of the Masonic fraternity of Columbia, S. C., and became vested with an interest and estate in the said building and appurtenances and in the lot upon which the said building was erected, the said interest and estate being conveyed to them in fee simple, defeasible only upon the fall or destruction of said building; whereupon the said trustees are given the right to take and remove one-half of the material of which said building is constructed. That the said building still stands, and the event which the estate and interest conveyed is to terminate has not occurred and may never occur.

"3. These defendants admit that some time in the early part of the year 1900, having secured a larger and more convenient hall, they began holding their regular meetings therein and have since continued to do so; but they do not intend and have never intended to abandon and discontinue permanently the use of said third story and hall thereof as a place for Masonic meetings; that defendants have removed only part of their furniture and personal belongings therefrom, part still remaining therein. That the said story has not been changed structurally in any way, and is as well adapted as it ever was for use as a Masonic Hall whenever the Masons of Columbia, or any of them, shall find it de-

sirable to use the same; that it is not required by the rules
of Masonic order nor is it necessary that all the Masonic
bodies of a city or community should have one and the same
hall, but whether they shall have one hall or more is solely
a matter of convenience; that the several Masonic bodies
of Columbia, or one or more of them, may any day find it
necessary to resume regular use of said third story as a place
of meeting; that by said agreement these defendants are
expressly authorized to manage and adapt said story and
hall to their purposes as they may deem proper; and they
aver that they have the right and should be permitted to meet
or not meet therein when and at such times and with such
intervals as may suit their convenience.

"4. Further answering said complaint, these defendants
allege that by the clause granting the third story of said
bulding to the said trustees, it was not intended, and the said
agreement does not require that the said story should be
used only as a Masonic Hall in the sense of a meeting place
for masonic bodies, or that it should be so used continuously,
and certainly no condition or limitation was imposed thereby
for the termination of the estate and interest of said trustees
and their *cestuis que trustent* in the event it should cease to
be used. These defendants aver that, on the contrary, the
utmost requirement of said clause is to impose upon the
trustees named and their successors a duty to permit the use
of said story and premises as a Masonic Hall by the masonic
bodies interested in the trust thereby created, a duty which
the said bodies alone have the right to insist upon or enforce.

"5. These defendants admit that when and since they
discontinued regular use of said third story as aforesaid,
other organizations were permitted to use the same to hold
meetings in, the amount paid by them as rent therefor being
devoted to masonic purposes; but the defendants allege that
this use of said premises is merely the exercise by them and
by the trustees on their behalf, of their right to manage and
deal with their own property as they see fit; that said use
of said premises does not contravene any requirement of said

agreement, does not in any manner interfere with plaintiff in enjoyment of its portion of said building, and is a use of the same character and no wise more onerous than the use heretofore made of said premises by the masons themselves.

"6. That notwithstanding these defendants discontinued the use of the said third story for regular masonic meetings aforesaid in the early part of the year 1900, and thereupon permitted another organization to occupy the same, as it has since continued to do, and the plaintiff, who then occupied the bottom story of said building, well knew what was being done, plaintiff did not then in any manner object thereto, but consented to and acquiesced in the change being made, and never objected thereto until some time in the year 1903, more than three years thereafter, when a paid fire department having been established in the city of Columbia, the plaintiff company conceived the idea of selling its interest in said property and distributing the proceeds among its members; and these defendants aver that plaintiff is now estopped to claim a forfeiture or loss of their rights by the defendants on account of any changes in the use of the said premises as aforesaid.

"7. The defendants admit that the lodges referred to as True Brotherhood Lodge No. 84, and Columbia Lodge No. 108, have long become extinct; but allege that by said agreement above-mentioned the interest and estate in said building and premises acquired by the masonic fraternity was vested in the trustees therein named and their successors in office, who remained the holders of the legal title thereto, the individual masonic bodies, as beneficiaries of the trust, having only a right to the use and enjoyment of the same so long as they continue in existence; that the present presiding officers of Richland Lodge No. 39, A. F. M., Acacia Lodge No. 94, A. F. M., and Columbia Royal Arch Chapter No. 5, are now the successors in office of the trustees named in said agreement, and still hold the legal title to the interest in said building and premises acquired as aforesaid, subject, however, to the trusts and duties by said agreement imposed.

"8. Except as herein admitted, qualified, or explained, these defendants deny each and every allegation in said complaint contained."

The action was placed for trial upon Calendar No. 2. Thereafter notice was given of a motion to be heard by the presiding Judge when the cause was called, to transfer the action from Calendar 2 to Calendar 1, for trial of legal issues raised by the pleadings. This motion came on to be heard before special Judge James P. Carey, on the 26th of May, 1905. After hearing argument, the Judge overruled the motion in an oral order, but the defendants announced that they would appeal therefrom. Immediately thereafter counsel for plaintiff moved that the cause be referred to John S. Verner, master, to take testimony on all issues raised by the pleadings and to report the same.

The order of Judge Carey was reduced to writing, and is as follows:

"The above entitled case docketed upon Calendar No. 2, and upon the calling of the said case thereon a motion by the defendant's attorneys, upon previous notice, was made for an order transferring the said cause to Calendar No. 1, on the ground that the same involved legal issues triable by a jury. I am of the opinion that the issues raised by the pleadings are equitable; and therefore refused the motion to transfer to Calendar No. 1. Immediately upon the announcement of my ruling upon this question, defendants' counsel gave notice of intention to appeal therefrom to the Supreme Court; and subsequently counsel for plaintiff made a motion for an order referring the cause. Being of the opinion that the cause is an equitable one, and involves no issues triable by a jury, I have concluded to grant the order of reference.

"It is, therefore, ordered, adjudged and decreed, that the motion to transfer the said cause from Calendar No. 2 to Calendar No. 1 be and hereby is refused, overruled and denied; and it is further ordered, that the cause be referred to John S. Verner, master of Richland County, to take the

testimony on all the issues raised by the pleadings, and to report the same."

The defendants then appealed upon the following exceptions:

"1. Because his Honor, the Circuit Judge, erred in entertaining jurisdiction of this cause and hearing and determining the motion to refer the same to the master, after notice had been given that an appeal would be taken to the Supreme Court from his Honor's rulings and order refusing to transfer the said cause to Calendar No. 1 for trial of the legal issues.

"2. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in refusing to strike said cause from Calendar No. 2 and place the same on Calendar No. 1, inasmuch as this cause involves matters properly triable by a jury.

"3. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in refusing to transfer the cause from Calendar No. 2 to Calendar No. 1, inasmuch as this cause involves the question of title to real estate and other issues triable of right by jury, and the cause should, therefore, have been transferred.

"4. Because, it is respectfully submitted, that his Honor, the Circuit Judge, erred in holding and deciding that the issues raised by the pleadings were wholly equitable, and in referring the whole cause and all the issues to the master; whereas, the said cause involves certain issues triable of right by jury, and which could not be referred to the master without defendant's consent."

We will now examine these exceptions in their order.

1. We do not see any grounds upon which this exception can be sustained. Indeed, the effort to hear a cause by piece-meal is highly objectionable; but in this case, the first motion was heard after the action had been regularly reached upon Calendar 2. This motion being overruled, it remained for trial. When, therefore, the motion for a reference to the master was made, it was per-

fectly proper for the Circuit Judge to make the order of reference. Of course, if this Court on a hearing of the appeal should hold that the Circuit Judge was in error in overruling the motion to change the case from Calendar 2 to Calendar 1, so much of the Judge's order as refers the issues to the master would be invalid. The plaintiff must take his chances. No harm has resulted as yet to the defendants. The verbal notice of appeal should not have stayed the Circuit Judge.

2. Was it error of the Circuit Judge in holding that there were only equitable issues and not legal issues to be tried by a jury? Of course, if the pleadings raised issues of law for trial by jury, the law required a trial of the same by jury. As was well remarked by the late Chief Justice McIver, in *Holliday* v. *Hughes,* 54 S. C., 157: "Ever since the case of *Adicks* v. *Lowery,* 12 S. C., 97, recognized and followed in numerous subsequent cases, it has been the settled rule, that while under the Code of Procedure both legal and equitable issues may be tried in the same case, yet, 'at the trial, the legal and the equitable issues must be distinguished and decided by the Court in the exercise of its distinct functions as a court of law and a court of equity, and only those should be determined by a jury which are properly triable by a jury, while those which would have formerly been triable in equity, must be determined by the Judge in the exercise of his chancery powers.' "

It seems in the case at bar, as disclosed by the pleadings, that the object of the plaintiff is that the defendants should be adjudged to have forfeited any and all rights under the agreement, that both plaintiff and defendants admit was made and evidenced by their respective hands and seals, and that the defendants have no present interest in the premises referred to in said agreement, as well as that the plaintiff should have such other and further relief as to the Court may seem proper. The defendants admit that the agreement was made by them, and that under said agreement, up

to the year 1900, the defendants occupied said third story as a lodge room, as a Masonic Hall or for masonic purposes, but that since said date the defendants have moved to their Masonic Temple, away from the plaintiff's present hall building, but that the defendants have rented said third floor, formerly used by them, to a different and distinct body from masonry.

Now, when the allegations of the answer are considered, it will be found that there are some allegations therein which seem to antagonize the allegations of the complaint. It is not unusual that antagonism in the statement of facts is sharply drawn by the parties to an action clearly within equity, yet such variance does not change the action itself. As was held in the case of *McLaurin* v. *Hodges,* 43 S. C., 187, 192, 20 S. E., 991, "The defenses set up by the defendant enter into plaintiff's equitable cause of action as part of the very cause of action." We must overrule this exception.

3. It is admitted by both sides of this controversy, that the agreement, set up in the complaint, governs whatever rights these parties, respectively, claim. If those rights are equitable, as we think they are, the action is properly upon Calendar 2, any questions of fact arising are in the equity action. There was no error by the Circuit Judge in so holding.

4. We think the views we have already expressed cover this exception. It is, therefore, overruled.

It is the judgment of this Court, that the orders appealed from herein be and the same are affirmed.