10329

## MURPH v. SMOAK.

### (101 S. E. 844.)

JURY—ACTION FOR SPECIFIC PERFORMANCE OF LAND CONTRACT, WHICH
DEFENDANT CLAIMED TO BE OPTION, DOES NOT REQUIRE JURY TRIAL.
—In view of Code Civ. Proc. 1912, sec. 312, providing that "an issue
of fact, in an action for the recovery of money only, or of specific
real or personal property, must be tried by a jury," in an action for
specific performance of land sale contract, the question as to the con-
tract's being an option arises out of the transaction on which plain-
tiff bases his action, and where the answer contained no allegations
raising an issue of title, jury trial was not required, and the Court
could make a reference.

Before BOWMAN, J., Calhoun, Summer term, 1919.
Affirmed.

Action by W. W. Murph against A. S. Smoak.  From an
order granting a reference, the defendant excepts and
appeals.

*Mr. M. M. Mann,* for appellant, submits : *That defendant
having by his answer put plaintiff to strict proof of the
execution of the alleged contract, the issue thus raised was
one to be determined by a Court of law, and defendant was
entitled to a trial by jury:* 76 S. C. 168; 71 S. C. 286; 51
S. E. 39; 25 S. C. 72; 52 S. E. 230; 42 S. C. 192.

*Messrs. J. C. Redmon* and *J. G. Stabler,* for respondent,
submit : *That there is no doubt that this cause is equitable
in nature, and the Judge had discretion to refer:* 27 S. C.
235; 98 S. C. 289.  *A defense to an equitable action, to give
defendant the right to a jury trial, must exist separately
from plaintiff's cause of action:* 43 S. C. 187.  *Where
defendant sets up, as a defense to an equitable cause of
action, facts which grew out of that cause of action, or the
transactions which gave rise to it, or are so interwoven
with it as to be inseparable from it, the defense is not triable*

*by a jury as of right:* 92 S. C. 384. *While he can only refer in the specified cases named in the Code of Civil Procedure, it must be assumed that the Judge had before him sufficient showing that the case did fall under one of the subdivisions:* 92 S. C. 109.

January 26, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for specific performance, and the appeal is from an order of reference; the defendant contending that he was entitled to a trial by jury.

The complaint alleges that the plaintiff and the defendant entered into an agreement for the sale of the land therein described in February, 1919, on the following terms: The purchase price was $12,500, of which $1,000 was paid when the agreement was made; $6,000 was to be paid on the 1st of December, 1919, at which time the plaintiff agreed to convey the land in fee; the defendant agreed to secure the balance of the purchase money by a mortgage of the premises payable in three annual installments, with interest at 6 per cent.; that when the cash payment was made the plaintiff gave to the defendant a receipt in writing, wherein was set forth the terms of the agreement; that the defendant has failed to perform his part of the contract.

The defendant denied the execution of such a contract, but alleges that on the day mentioned in the complaint he purchased an option on said lands for which he paid the sum of $1,000 upon the condition that, if he concluded to comply with the terms of the agreement, he was to pay the $6,000 on the 1st day of December, and secure the balance, on delivery of the deed by a mortgage, and was to receive credit for the cash payment of $1,000. The defendant further alleged:

"That upon the expiration of the said option defendant notified plaintiff that he would not exercise his claim or

right of purchase thereunder; that he surrendered possession of the said premises to the plaintiff; and that he has not since then at any time been, nor is he now, in possession of the said premises."

Upon the call of the case for trial the plaintiff made a motion for an order of reference. The defendant resisted the motion on the ground that he was entitled to a trial by jury. His Honor, the Circuit Judge, granted the order of reference, and the defendant appealed upon the following exceptions:

(1) "Error in granting the order of reference because the defendant was thereby deprived of the mode of trial to which he was entitled by law, it appearing upon the examination of the pleadings that the defendant never signed any contract and expressly denied ever having made the contract alleged, but expressly alleged by way of answer that he had a totally different agreement with defendant, whereby he had purchased an option which he had a right to forfeit."

(2) "Because, having denied every material allegation of the complaint, proof of the allegations thereof was made an issue of fact, and before the equitable issue of performance could be determined a Court of law should have determined the legal issues in the manner provided by law."

(3) "Because, the answer of the defendant involves a defense which is a separate and distinct matter from the plaintiff's alleged cause of action, and he was, therefore, entitled to have the issues tried by a jury."

Section 312 of Code of Civ. Proc. provides that "An issue of fact, in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury."

These are the only instances in which the parties to an action are entitled to a trial by jury.

Not only does the question as to the option arise out of the transaction upon which the plaintiff bases his action, but there are no allegations in the defendant's answer that raise an issue of title to the land.

These conclusions are fully sustained by the following authorities: *Mobley v. McLucas,* 99 S. C. 99, 82 S. E. 986, and the cases therein cited, and *Rainwater v. Bank,* 108 S. C. 206, 93 S. E. 770.

Appeal dismissed.