BELL v. BRINKLEY ET AL.

(156 S. E., 348)

Two Cases

May, 1930.

174

176

Mr. *George L. Taylor,* for appellant,

Mr. *M.·W. Pyatt,* for respondents,

January 2, 1931. The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The order of his Honor, Circuit Judge Dennis, from which the plaintiff has appealed to this Court, sufficiently states the facts involved in the two cases, and it will be reported.

The exceptions of the appellant's counsel state very clearly his positions, and they will be incorporated in the report. We do not think it necessary to elaborate in determining the questions raised by the appeal, or to consider the exceptions in detail. The Circuit Judge's

order, to our mind, answers all the exceptions, except the two to which we particularly refer. The exceptions relate mostly to questions of fact. The findings of the Circuit Judge in that regard must be clearly shown by the appellant to have been erroneous. An examination of the evidence in the transcript of record has not convinced us that the Circuit-Judge committed any error therein.

The contention of the appellant, as made by her sixth exception, is that Charles C. Brinkley and William Barber, not having been specifically named as parties defendants in the second suit, were not entitled to damages under the injunction bond executed by the plaintiff in that case. The action was against L. Brinkley and "other persons unknown to the plaintiff." The plaintiff had the right to bring an action against "persons unknown." The term included Charles C. Brinkley and William Barber when they were shown to have, or claimed, any interest in the matters involved in the suit. Charles C. Brinkley and William Barber,, it was shown, were the parties sawing and cutting the timber. They had actual notice of the injunction. Their operations were interfered with. When the injunction was brought to their notice, it was their duty to obey it.

"It has been held that a defendant who obeys an injunction, although never served therewith, is entitled after judgment in his favor to claim the damages provided for in the undertaking to procure such injunction.

"Acquiescence in obedience to an ambiguous writ will prevent complainant from objecting to a recovery of damages sustained by defendant, by reason of such obedience, and complainant's bondsmen will be liable on their bond for such damages." 32 C. J., 436.

As to appellant's seventh exception, alleging error upon the part of the Circuit Judge in finding that the bond in the second suit was in the amount of $250 when the correct penal sum of that bond was only $200, we find by an examination of the record that the Circuit Judge

did fall into error in this particular on account of having been furnished with an incorrect copy of the bond. Whatever harm was done to the appellant and her sureties on this account, however, was corrected when the attorney for the respondents, the parties who had been awarded the damages by the Court remitted of the awards in their favor the sum of $50. The appellant thinks that the correction could not be made in this way, but that the respondents should have procured a supplemental order to make the correction. We do not think the supplemental order was in any way necessary. The respondents had the right to remit on the record the excessive amount found in their favor inadvertently by the trial Judge.

The judgment of this Court is that the order appealed from be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER, and CARTER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE, concur.