14994

SPENCER v. NATIONAL UNION BANK OF ROCK HILL, S. C.
ET AL.

(6 S. E. (2d), 755)

May, 1939.

*Messrs. Finley & Spratt* and *Wm. M. Wilson,* for appellant,

*Messrs. Melton & Belser, Dunlap & Dunlap* and *Spencer & Spencer,* for respondents,

January 9, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This case has been here before. 189 S. C., 197, 200 S. E., 721, 723. In disposing of the main question presented by that appeal, this Court held that the allegations of the amended complaint "unquestionably presented a case of election of the alternative remedy of specific performance in equity or damages at law for the breach" of the contract to reconvey certain realty, and affirmed the order of Judge Greene requiring the plaintiff to elect between the two remedies or causes of action. Thereafter, counsel for the defendants moved before Judge Sease to require the plaintiff to make and announce his election; and also that the case be placed "for hearing upon the appropriate docket at the opening of the next succeeding term of the Court for York County, or in the alternative, as to the Court may seem best, if the cause of action for specific performance be elected, to refer the case to a suitable Referee." Upon the hearing of the motion, Judge Sease, in accordance with the announcement of plaintiff as to his election, ordered the case to "proceed to trial upon the said cause of action for specific performance, together with such other claims for damages or for an accounting as may be proper on the equity side of the Court in connection with the said cause of action for specific performance." He, however, refused the latter part of the motion, leaving the matters referred to there to be passed upon by the Judge before whom the case should be called for trial. From this order, dated February 20, 1939, there was no appeal.

On April 25, 1939, counsel for the defendants gave notice that they would move before the presiding Judge, upon the call of the matter, to strike the cause from Calendar 1 and to place it on Calendar 2, upon the ground that it had been improperly docketed. Judge Gaston, who heard the motion, referred the case to W. D. Douglas, Esq., a member of the Winnsboro bar, "as Special Referee to take the testimony and to hear and determine all issues of law and fact," upon the cause of action as above stated. He said: "From the pleadings and my knowledge of the case obtained from various hearings before me and orders granted by me, I am convinced that in this cause, in connection with the question of specific performance there are questions of law and a long accounting to be had, and I feel that the most expeditious way to dispose of the case is by a reference." While no formal order was issued thereabout, the Court made a written memorandum on Calendar 1 to transfer the cause to Calendar 2. This appeal followed.

The appellant states three exceptions, the first of which charged the trial Judge with error in making a compulsory order of reference, his contention being that he is entitled, in view of the character of the case, "to a trial by a jury as a matter of right."

A discussion of this question at length is unnecessary. An action for specific performance is one of equitable cognizance. The plaintiff elected this remedy or cause of action upon which to go to trial, "together with such other claims as may be allowed in connection with such cause of action." In view of the election made, and as made, the granting of the order of reference was proper. In fact, the action of the trial Judge is fully sustained by the cases of *Singleton v. Cuttino*, 107 S. C., 465, 92 S. E., 1046, and *Murph v. Smoak*, 113 S. C., 168, 101 S. E., 844. The appellant relies upon *Culler v. Hydrick*, 162 S. C., 253, 160 S. E., 731, but it does not appear that this decision lends him any aid or comfort. Of course, as there indicated, if any question should arise which the appellant is entitled to have determined on the law side

of the Court, then such determination will be had. This assignment of error is without merit.

By the second exception, objection is offered to the appointment of Mr. Douglas as special Referee, the contention being that he is not a proper party to act in that capacity in this case, as he is not "free from exception." Section 655 of the Code.

Counsel for appellant say that they have the highest regard for the personal and professional qualifications and integrity of Mr. Douglas; but their objection is this: That he acted as special Referee in the companion case of *Zimmerman et al. v. Pelham Farms,* which involved "all the ramifications and probably many of the same questions involved in the instant case." In that case, however, the record shows that he merely took and reported the testimony, but did not pass upon it in any way. The order of reference provided that the parties might agree to limit the scope of the evidence to the main issue there involved, and if such agreement should be entered into, the evidence as to the issues between Spencer and other parties would be eliminated, such issues being reserved for future determination; and this was done. In view of these undisputed facts, it does not appear that Mr. Douglas is legally incompetent to act as Referee in the case at bar. The appellant's contention, therefore, is rejected.

It is claimed by the third exception that until an order is issued transferring the case from Calendar 1 to Calendar 2 and such transfer is actually made, the cause is not referable.

We are not in accord with this view. As already indicated, Judge Sease ordered the case to proceed to trial upon the cause of action for specific performance, one of equitable cognizance; and Judge Gaston, when the matter was before him, made a written memorandum on Calendar 1 to transfer the cause to Calendar 2. We think that the effect of this was to put the case on such calendar, the physical transfer to be made at any time. Appellant's contention, therefore, is held to be unsound.

The order appealed from is affirmed, and the case remanded to the Circuit Court for further proceedings consistent herewith.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.