15272

AIKEN MORTGAGE COMPANY v. JONES *ET AL.*

(15 S. E. (2d), 119)

246

*Mr. Jeff D. Griffith, Mr. Joe Griffith,* and *Mr. George Bell Timmerman,* for appellants,

*Messrs. Hendersons & Salley* and *Mr. T. G. Greneker,* for respondent,

Mr. *Jeff D. Griffith, Mr. Joe Griffith* and *Mr. George Bell Timmerman,* for appellants, in reply,

June 2, 1941.

The opinion of the Court was delivered by Mr. Associate Justice Stukes.

The complaint in this action is for the specific performance of a contract to convey real estate to one of the defendants made by plaintiff's corporate predecessor in title and for an accounting of rents, taxes, etc. The answer pleads defective title in the plaintiff as to some of the property and the refusal of plaintiff to convey certain property which is allegedly included in the contract, by reason of which defendants have suffered loss and damage in the sum of $10,000-.00, with prayer for judgment for that amount and decree for performance of the contract by plaintiff. The plaintiff served a reply to the answer.

On notice of motion therefor the Circuit Judge made over defendants' objection an order referring the action to

the Master to take the testimony on the issues raised by the pleadings and report the same to the Court. It is from this order that this appeal by the defendants was taken. There is one exception with subdivisions as follows :

"The Presiding Judge erred in ordering a compulsory reference to take the testimony upon all issues raised by the pleadings, for that:

"(a) Defendants' answer raises the issue of title to real estate;

"(b) A decision on the issue of title to real estate adverse to plaintiff would preclude a judgment in its favor for specific performance;

"(c) Defendants' answer contains allegations entitling it to recover a money judgment against plaintiff for the breach of a contract;

"(d) The issue of title to real estate is one necessary for settlement of defendants' alleged claim of damages for breach of contract;

"(d) A settlement of the legal issues tendered by the pleadings, in favor of defendants, will dispose of and preclude the equitable issues raised by the complaint."

Section 653 of the Code of Civil Procedure of 1932 provides for a compulsory order of reference, in the discretion of the Court, of all equitable actions with the important qualification that the section "shall not be construed so as to deprive any party of a trial * * * of any case or issue upon which he is entitled to a trial by jury as a matter of right under the present practice." Specific performance is an action of ancient equity jurisdiction and has been said to be the most useful remedy of that Court. 25 R. C. L., 202, 58 C. J., 846 *et seq*. Section 593 of the Code requires the jury trial of an action to recover real property, and if the defendants' claim were of title in themselves adverse to the plaintiff, this action would so partake of the nature of an action to recover realty that it would as to that issue come within the terms of the Code section last men-

tioned. *Capell v. Moses,* 36 S. C., 559, 15 S. E., 711, and other cases *infra.*

However, the contention of the defendant is not that the title to the land, or any of it, contracted to be sold by plaintiff's predecessor in title is in them or claimed by them, but that plaintiff is not seized of good title as to some of it, on which account the defendants cannot be required to perform the contract unless the title is perfected as to all of the property, and that the defendants have suffered damages from plaintiff's resultant breach of the contract.

Under such circumstances it is not the law of this State that the defendants are entitled to jury trial of plaintiff's title. It was plainly said in *Lesesne v. White,* 5 S. C., 450, in an action for specific performance of a contract, where the vendor was plaintiff as here, that either party was entitled to an order of reference on the question of title and the refusal of such was erroneous and the Court proceeded in that case to pass upon the validity of the vendor's title. In *Wolf v. Hayes,* 161 S. C., 293, 159 S. E., 620, in an action for partition, this Court expressly approved the holding in *Gibbes v. Elliott,* 5 Rich. Eq., 327, to the effect that the lack of authority of the Court of equity to try title to land is where the parties claim by distinct title. And the law is well settled, as illustrated by the many cases cited by appellants, that when a defendant claims paramount title in himself in an equitable action affecting real estate, he is entitled to have the issue determined by a jury, not as of an issue of fact in equity submitted to a jury but trial by jury on Calendar 1. *McGee v. Hall,* 23 S. C., 388; *Loan & Exchange Bank v. Peterkin,* 52 S. C., 236, 29 S. E., 546, 68 Am. St. Rep., 900; *Poston v. Ingraham,* 76 S. C., 167, 56 S. E., 780.

The other issue which appellants contend they are entitled as a matter of right to have tried by jury is their claim of damages for the alleged breach by the plaintiff (and its predecessors in title) of the contract for the specific performance of which the action was brought.

This contention likewise must be concluded against the appellants. It is governed by the rule clearly set forth by Chief Justice McIver in the opinion of this Court in *Sullivan Hardware Company v. Washington,* 47 S. C., 187, 25 S. E., 45. That was a case for the foreclosure of a mortgage given to secure notes made for the purchase money of machinery. The defendants pleaded failure of consideration and a counterclaim for damages sustained by reason of the failure of the machinery to measure up to the warranty, whereby defendants lost time and business. The defendants appealed from the refusal of the trial Judge to transfer the case to Calendar 1 for the trial of the issues raised by their counterclaim and the question was as here, whether the defendants were entitled to demand a trial by jury. The answer was in the negative, that the defense lay at the foundation of plaintiff's equitable cause of action and the issues must be tried in the Court of equity in which the action was brought.

For the latter decision there was cited as authority *McLaurin v. Hodges,* 43 S. C., 187, 20 S. E., 991. That case was also for foreclosure; the defense of usury was interposed and recovery of double the amount paid as interest was sought by the defendants. The refusal of a reference was held error and it was said that since the defense entered into plaintiff's equitable cause as a part of the transaction it must be subject, for its trial, to the same forum.

To the same effect are the following decisions of this Court, some of which were suits for specific performance: *Welborn v. Cobb,* 92 S. C., 384, 75 S. E., 691; *Mobley v. McLucas,* 99 S. C., 99, 82 S. E., 986; *Singleton v. Cuttino,* 107 S. C., 465, 92 S. E., 1046; *Murph v. Smoak,* 113 S. C., 168, 101 S. E., 844; *Farley v. Matthews,* 168 S. C., 294, 167 S. E., 502; *Spencer v. National Union Bank,* 192 S. C., 355, 6 S. E. (2d), 755. An interesting annotation is found in 89 A. L. R., 1391. Several decisions from this State are cited to support the general rule which is there stated as follows: "The great weight of authority is to the

effect that the interposition by the defendant in an equitable action, of a counterclaim of a legal nature, gives him no right to a jury trial, either of the case generally or of the issue raised by the counterclaim."

The exception is overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.