18754

Leroy JONES and Vivian Jones, Appellants, v. BARCO, INC. and North American Acceptance Corporation, Respondents

(159 S. E. (2d) 279)

*Messrs. McLain, Sherrill & Wilkins,* of Columbia, for *Appellants,*

524

*Isadore S. Bernstein, Esq.,* of Columbia, *for Respondent, North American Acceptance Corporation,*

*Messrs. McLain, Sherill & Wilkins,* of Columbia, *for Appellants, in Reply,*

February 5, 1968.

BRAILSFORD, Justice.

This action arises out of an allegedly usurious note executed and delivered by Leroy and Vivian Jones to Barco, Inc. and assigned by Barco to North American Acceptance Corporation. The note is in the face amount of $3,247.28 and is secured by a mortgage of real estate. According to the complaint, Barco, acting as agent for or in conspiracy with North American, exacted usurious charges of $1,397.28 from the plaintiffs when the loan was closed. The complaint seeks to recover as the statutory penalty for usury an amount exceding the balance due on the note and actual and punitive damages for the tortious conduct of Barco and North American in conspiring to exact usurious charges from plaintiffs. Barco defaulted. North American answered denying the material allegations of the complaint, alleging that it is a holder in due course of the note without notice of any infirmity in the instrument, and alleging that the complaint is duplicitous in seeking two recoveries on the same state of facts. By way of counterclaim North American seeks the

foreclosure of the mortgage. In reply to the counterclaim, plaintiffs adopted the allegations of their complaint.

This appeal is by plaintiffs from an order referring the action to the master in equity for Richland County to hear and determine *all issues* of law and fact. This order was granted on motion of North American despite plaintiffs' insistence that they were entitled to a jury trial of the factual issues arising in their action at law. Although the master was directed to hear and determine all issues arising under the pleadings, the order appealed from provides that it shall be "without prejudice to the right of the plaintiffs to move (the court) after the filing of the Master's report, if they be so advised, for an order submitting any of the issues in the cause for trial by jury."

Plaintiff's action to recover the statutory penalty for usury and to recover damages for the defendants' tortious conduct in conspiring to exact usurious charges from them is an action at law. North American's answer does not plead an equitable defense to this action. Instead, it denies that the transaction between plaintiffs and Barco was tainted with usury and pleads that North American is a holder in due course of the note and mortgage, without notice of any infirmity in the instruments, if, in fact, the charge of usury against Barco is well-founded. North American's equitable counterclaim for foreclosure contains only those allegations which are appropriate to an action for foreclosure. No facts are alleged tending to raise either a legal or an equitable defense to the charges on which plaintiffs base their claimed right to recover a money judgment.

The question presented by this appeal is whether upon the filing of this equitable counterclaim, the court was authorized to grant a compulsory reference to the master of all issues raised by the pleadings. A negative answer is required by Section 10-1402, Code of 1962, from which we quote in pertinent part:

"When the parties do not consent the court may, upon application of either or its own motion, direct a reference in the following cases:

"(1) In all equitable actions and of equitable issues in actions at law; * * *" By clear and explicit language, the right to a compulsory reference in a law action is limited to equitable issues.

The authority of the equity court to entertain legal defenses in equitable actions and to decide all issues of fact raised by the pleadings, with or without reference, existed before the adoption of the Code. The converse was not true, and the Code's allowance of equitable defenses in an action at law was an innovation. Section 10-704, Code of 1962. The issues of fact arising upon such equitable defenses are triable by the court in the exercise of its chancery jurisdiction. See *Coleman v. Coleman,* 208 S. C. 103, 107-109, 37 S. E. (2d) 305, 313-314, and the authorities therein cited.

So much of Section 10-1402(1), *supra,* as permits ██ compulsory reference in all equitable actions including, by unmistakable inference, issues arising upon legal defenses, merely codifies the former practice in chancery. The rather numerous decisions of this court which hold that the interposition of a legal defense or a counterclaim in an equitable action does not defeat plaintiffs' right to a compulsory reference of all issues, are controlled by this aspect of Section 10-1402(1), *supra. See Collier v. Green,* 244 S. C. 367, 137 S. E. (2d) 277, and the decisions therein cited and analyzed. The other aspect of subdivision (1) prescribes the practice applicable to the statutory right to plead equitable defenses in law actions, and it permits compulsory reference in such cases only of equitable issues. Since this action is at law, error is apparent in the failure of the order appealed from to respect this necessary statutory limitation, which was skillfully drafted to avoid conflict with the constitutional mandate that the right to jury trial shall be preserved inviolate. 1895 S. C. Const., art. I, sec. 25; 1868 S. C. Const., art. I, sec. 11.

The error is not cured by the attempted grant to plaintiffs of the right to move for a jury trial after the filing of the report. The only controversy apparent on the record arises from plaintiffs' charges of usury and conspiracy and North American's denials of these charges and its plea of holder in due course. These issues have no equitable features and are not referable as equitable issues in a law case. Until they have been settled, it is impossible to determine the amount due on the note or to shape a foreclosure decree. Once they have been settled, it is unlikely that the court will require the assistance of the master in determining the rights of the parties under the equitable counterclaim.

The verbiage of this provision of the order follows closely that of a similar provision in the circuit order in *Coleman v. Coleman*, 208 S. C. 103, 37 S. E. (2d) 305, which North American refers to as having been approved by this court. While we adopted the circuit order in *Coleman*, our opinion carefully pointed out that no issue about this provision of the order was raised by the appeal. Furthermore, the intricate and complicated facts appearing in *Coleman*, which involved several equitable features and defenses affecting the amount recoverable on plaintiffs' legal demands, fully distinguish that case from this.

It is beside the point that the entire cause might have been referred if the issues had arisen in an equitable action to foreclose North American's mortgage. This was the situation in *McLaurin v. Hodges*, 43 S. C. 187, 20 S. E. 991, strongly relied upon by North American, where in an action to foreclose a mortgage, the defendant pled usury and sought a jury trial. This court affirmed a compulsory order of reference. The sharp distinction is that *McLaurin* fell under the first aspect of Section 10-1402 (1), *supra*, as a referable action in equity, while this case falls under the second aspect of the subdivision, which only authorizes reference of equitable issues in law cases.

Reversed and remanded for further proceedings consistent herewith.

Moss, C. J., LEWIS and BUSSEY, JJ., and LEGGE, Acting Associate Justice, concur.