19814

Lucille V. PATE, Appellant, v. S. E. (Eddie) THOMAS, Jr., et al., Defendants, of whom Jimmy Harrelson is, Respondent

(204 S. E. (2d) 571)

*Messrs. Grimes, Hinds & Cowan,* of Georgetown, *for Appellants,*

*Messrs. Moore, Flowers & Doar,* of Georgetown, *for Respondent,*

April 25, 1974.

BUSSEY, Justice:

This is an equitable action in which the plaintiff-appellant sought to obtain a permanent injunction against ten named defendants who she alleged had repeatedly, at various and sundry times, trespassed upon real estate of the plaintiff situated in Georgetown County. She sought, incidentally, the recovery of only nominal damages and the costs and disbursements of the action. The appeal is from an order of the lower court granting a motion of the defendant-respondent Harrelson for a severance.

The order granting the severance was grounded upon the fact that admittedly Harrelson did not trespass at the same time any other defendant may have trespassed and was therefore not guilty of a joint trespass with any other defendant. The order of the lower court was predicated upon the case of *Hines v. Jarrett,* 26 S. C. 480, 2 S. E. 393. Contrary to the conclusion of the lower court and the argument of the respondent, the case of *Hines v. Jarrett* is distinguishable and not at all controlling. That case was an action at law, *ex delicto,* for the recovery of damages. The instant case, to the contrary, is an equitable one; the main purpose thereof being to obtain an injunction, any recovery of nominal damages and costs being only incidental. The character of an action is determined by the main purpose of the complaint and not by any incidental allegations. *Alford v. Martin,* 176 S. C. 207, 180 S. E. 13. Cf. *Lee v. Lee,* 251 S. C. 533, 164 S. E. (2d) 308. The fact that Harrelson was admittedly not guilty of a joint trespass along with any other defendant did not entitle him to a severance.

In 59 Am. Jur. (2d) 527, Parties, Section 115, it is stated: "The equity practice governing the joinder of parties defendant has always been more liberal than the common-law practice. While at common-law joinder of defendants is restricted to persons whose liability is joint, in equity

there may be a joinder of defendants where there is a community of interest in questions of law and fact. Thus, greater liberality is shown in permitting joinder of tortfeasors in suits to enjoin or restrain their wrongful acts than in actions against them at law for damages, * * *"

In 42 Am. Jur. (2d) 1050, Injunctions, Section 260, it is stated: "The rules governing the joinder of parties in equity control that matter where the suit is one for injunctive relief. All persons materially interested, either legally or beneficially, in the subject matter of the suit, should, as a rule, be made parties to it, so that there may be a complete decree which shall bind them all. But while those materially interested in the subject matter of an injunction suit should generally be made parties, either plaintiff or defendant, there is no inflexible rule as to joinder of parties in such suit, and the court exercises a large discretion in determining whether they are properly joined. Its object will be to adopt a course which will best promote the due administration of justice without multiplying unnecessary litigation on the one hand, or drawing litigants into needless expense and confusing the issues on the other. Those whose presence is not essential, and against whom no complaint is made or relief sought, need not be brought in."

"Defendants who have a common interest and a common defense are properly joined in one suit for injunction. Where the act sought to be enjoined is threatened or being performed by more than one person, all may be joined as defendants, * * *" 43 C. J. S. Injunctions, § 176b, p. 833.

While we are not aware of any South Carolina case which is precisely in point factually, decisions of this Court are in accord with the rationale of the general principles above quoted. In *Neely v. Anderson,* 2 Strob Eq. 262, it was held that the general rule in equity, with respect to the joinder of parties, was that all persons interested in the subject matter of the litigation should be made parties, either plaintiff or defendant. In *Bell v. Brinkley et al.,* 159 S. C. 171, 156 S. E. 348, it was held that an action for an

injunction could be properly brought against named defendants and "persons unknown", such term including such persons as were shown to have, or claimed, any interest in the matters involved in the suit.

"As was said in *Williams v. Neel,* 10 Rich. Eq. 338, 339, 73 Am. Dec. 94, quoting with approval from Story Eq. Pl.: 'The principle is very well established that "where the interest of the plaintiffs are the same, although the defendants may not have a co-extensive common interest, but their interest may be derived under different instruments, if the general objects of the bill will be promoted by their being united in a single suit, the Court will not hesitate to sustain the bill against all of them." ' " *First Carolinas Joint Stock Land Bank of Columbia v. Knotts et al.,* 191 S. C. 384, 1 S. E. (2d) 797. Code Section 10-203 provides that any person may be made a defendant who has, or claims an interest, in the controversy adverse to the plaintiff and it has been repeatedly held that this section should be liberally construed, the purpose thereof being the prevention of a multiplicity of suits.

We conclude that the lower court erred in granting an order of severance and the judgment below is accordingly,

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.