## 20529

REDWOOD FOOD CORPORATION, Appellant, v. David E. BAKER and Lee J. Baker, Respondents.

(238 S. E. (2d) 214)

*Pope D. Johnson, III, of Whaley, McCutchen & Blanton,* Columbia, *for Appellant,*

*Steven M. Anastasion and Michael W. Tighe, of Callison, Tighe, Nauful & Rush,* Columbia, *for Respondents,*

October 18, 1977.

LITTLEJOHN, Justice.

The plaintiff-appellant Redwood Food Corporation (Tenant) brought this declaratory judgment action against defendant-respondents David E. Baker and Lee J. Baker (Landlords) to have the court determine whether it had a right to operate a dinner theatre on leased property. Landlords had instructed Tenant to discontinue the operation of the dinner theatre. A temporary and a permanent injunction was prayed to prevent Landlords from attempting to enforce the terms of the lease as interpreted by them. A temporary injunction is now in effect.

Landlords answered the complaint and counterclaimed, requesting that the court enjoin Tenant's use of the premises for a dinner theatre, or in the alternative that the court eject Tenant from the premises.

Tenant replied to the counterclaim, alleging that use of the leased property as a dinner theatre was permissible under the lease agreement and alleging that Landlords were estopped and had waived any right to object as a result of past usage to which the premises had been put.

After a hearing had been set for trial of the case on its merits before the judge, Tenant served a notice of motion for a trial by jury. The judge denied the motion. Tenant has appealed.

We agree with the lower court that the action is "basically equitable in nature." Both Tenant and Landlords have sought injunctive relief. Whether such relief is granted to either party depends largely upon a construction of the lease contract.

A review of the cases in this State involving the question of when a jury trial is demandable as a matter of right, is to be found in *Collier v. Green*, 244 S. C. 367, 137 S. E. (2d) 277 (1964). In *Aiken Mortgage Co. v. Jones*, 197 S. C. 245, 15 S. E. (2d) 119 (1941), this Court, answering a litigant's demand for a jury trial on a counterclaim for money damages, held that a jury trial was not mandated in what was essentially an equitable action. From that opinion we quote:

"An interesting annotation is found in 89 A. L. R. 1391. Several decisions from this State are cited to support the general rule which is there stated as follows: 'The great weight of authority is to the effect that the interposition by the defendant in an equitable action of a counterclaim of a legal nature, gives him no right to a jury trial, either of the case generally or of the issue raised by the counterclaim'."

Finding no error in the order of the lower court, its directive is hereby

Affirmed.

NESS, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., concurs in result.