20918

Joel Y. LUND, and Max Poliakoff, Individually and representing all other members of Fort Sumter House Association, Inc., for Respondents, v. GRAY LINE WATER TOURS, INC., for Appellant.

(253 S. E. (2d) 503)

*John M. Bleecker, Jr.*, Charleston, *for appellant.*

*Thomas S. Tisdale, Jr.*, and *Irving Levkoff*, Charleston, *for respondents.*

March 20, 1979.

*Per Curiam:*

Respondents commenced this class action against appellant, Gray Line Water Tours, Inc. (Gray Line) requiring it to vacate a dock in the Ashley River in Charleston. The trial court referred the matter to the master and Gray Line appeals. We affirm.

The individual respondents are representatives of other owners of the Fort Sumter House condominium units located adjacent to the Ashley River. Respondents claim the dock and water lot beneath it are part of the common property of their association and seek to bar appellant from using the premises. Respondents contend Gray Line's right to occupy the dock terminated January 31, 1977 upon the expiration of a lease agreement between the parties. The sole issue presented is whether the trial court correctly determined that the matter should be referred to the master. We conclude it was properly referred.

Code Section 15-31-20 Code of Laws of South Carolina (1976) provides that a reference may be ordered "(1) in all equitable actions and of equitable issues in actions at law." Whether such an action should be referred is a matter within the trial court's discretion. *Cothran v. South Carolina National Bank of Charleston,* 242 S. C. 80, 130 S. E. (2d) 177; *Momeier v. John McAlister, Inc.,* 190 S. C. 529, 3 S. E. (2d) 606.

It is well settled that "(t)he character of an action is determined by the main purpose of the complaint . . . ." *Pate v. Thomas,* 262 S. C. 365 at 367, 204 S. E. (2d) 571; *Alford v. Martin,* 176 S. C. 207, 180 S. E. 13. Respondents' complaint sought an order requiring Gray Line to vacate certain premises in accordance with the terms of the lease. Appellant has not alleged title in it but has simply alleged that title is not in the respondent Fort Sumter House, Inc. The action is, therefore, not for the recovery of real prop-

erty. *Aiken Mortgage Company v. Jones,* 197 S. C. 245, 15 S. E. (2d) 119. It is apparent that whether the relief sought is granted depends upon the construction of the lease contract, which may be properly determined without a jury. Since this is essentially an equitable action, a jury trial is not required.

The fact that some of the defenses raised by Gray Line in its answer were legal in nature did not alter respondents' right to a referral, *Jones v. Barco, Inc.,* 250 S. C. 522, 159 S. E. (2d) 279; *Redwood Food Corporation v. Baker,* 269 S. C. 528, 238 S. E. (2d) 214.

Accordingly, the order of the lower court is affirmed.